513 So.2d 1240 (1987)
Dennis Charles SWEET, III, et al.
v.
Walter LUSTER, Sr., et al.
No. 57277.
Supreme Court of Mississippi.
October 7, 1987.
Kenneth Rose, Jackson, for appellants.
H. Gerald Hosemann, Harper & Hosemann, Vicksburg, for appellees.
Before HAWKINS, P.J., and ANDERSON and GRIFFIN, JJ.
GRIFFIN, Justice, for the court:
This case, involving a conveyance of land, comes to the Court from the Chancery Court of Claiborne County, where the chancellor dismissed a complaint brought by the grantor's heirs, seeking to set aside a deed. We reverse.
In late January, 1977, Dennis Sweet, Jr. telephoned his uncle, Walter Luster, Sr., about a loan. Luster responded, "[I]f you want to give me a warranty deed, you call me, and we'll see about making a loan."
On February 1, 1977, Sweet conveyed by deed his one-fourth undivided interest in 289 acres to Luster.[1] The same day, Sweet *1241 executed a deed of trust to Port Gibson Bank, covering the 289 acres, in return for a loan of $1,100.00. Luster then endorsed the note. The chancery clerk recorded both the deed and the deed of trust on February 3, 1977.
At trial, A.E. Hamilton, Senior Vice President of Port Gibson Bank and Luster's loan officer, testified that "Walter said he was going to endorse the note, and [the deed] would be his security." Luster added that he would hold the deed until the note was paid. The note was due on February 1, 1978.
Yet, on June 22, 1977, Walter Luster, Sr. and Lillian Luster, his wife, conveyed to Walter Luster, Jr. "property which was conveyed to the said Walter Luster [Sr.] by Dennis Sweet, Jr...." The chancery clerk recorded the conveyance on June 22, 1977. At trial, Walter Luster, Sr. testified that he had told his son that they would have to reconvey the property, should Sweet pay off the loan. Parenthetically, during this time, Walter Luster, Sr. retained a one-fourth undivided interest, which he had received from his father, Sweet's grandfather.
When the note became due, Sweet paid the interest, extending the loan's term. Immediately thereafter, Luster paid the bank in full, telling Sweet, "Dennis, you don't owe the bank, you just owe me." Sweet then made no effort to repay Luster.
On January 31, 1983, Sweet died. Two months later, the appellants, three of Sweet's four children, filed this action, tendering $2,000.00 into the Court to satisfy the debt.
Miss. Code Ann. § 89-1-47 (1972) reads,
A conveyance or other writing absolute on its face, where the maker parts with the possession of the property conveyed by it, shall not be proved, at the instance of any of the parties, by parol evidence, to be a mortgage only, unless fraud in this procurement be the issue to be tried. (Emphasis supplied)
The chancellor, relying upon this section, held that the deed was a conveyance, finding that "there was absolutely no evidence whatsoever that Mr. Sweet retained any possession of the land conveyed," following the deed's execution. The appellants assign this as error.
Assuming that Sweet parted with possession, the chancellor is correct because we have consistently held that there is a "presumption of possession in the grantee in a warranty deed, and that the burden of proof is upon the one who seeks to introduce parol proof ... to show that the grantor remained in possession." Bethea v. Mullins, 226 Miss. 795, 803, 85 So.2d 452, 456 (1956). See also, Conner v. Conner, 238 Miss. 471, 508, 119 So.2d 240, 256 (1960), Jordan v. Jordan, 145 Miss. 779, 791, 111 So. 102, 103-4 (1927). Moreover, such proof must be clear and convincing. Harris v. Kemp, 451 So.2d 1362, 1364-5 (Miss. 1984); Delancey v. Davis, 229 Miss. 475, 480, 91 So.2d 286, 288 (1956).
However, in this case, Luster himself testified that Sweet's relationship with the land had remained the same, following the deed's execution, even remarking, "[Sweet] had a chance to move out there any time, and he was welcome out there. It was his home, we called that his home out there, and he did anything he wanted to do out there." Additionally, Luster testified that Sweet had treated the land "just like it was his from the time he was born on up until he died." Indeed, even Luster's physical possession of the land, following the deed's execution, was consistent with Sweet's cotenancy, since Luster had lived on the land prior to February 1, 1977, while Sweet had lived in Jackson or Vicksburg.
In Emmons v. Emmons, 217 Miss. 594, 597, 64 So.2d 753, 755 (1953), this Court found that parol evidence concerning a deed was admissible, where the grantor *1242 had "retained and exercised after the transaction the same control over the land as he did before the transaction took place." See also, Bethea, 226 Miss. at 805, 85 So.2d at 457. Here, there was uncontradicted evidence that Sweet had retained and exercised the same control over the land both before and after the deed's execution. The chancellor then was in error.
The parol evidence, thus admissible, tending to show that the parties intended a mortgage, not a conveyance, is overwhelming. For example, Luster stated not only to his loan officer and son, but also at trial that the deed was a debt-securing mortgage:
Q. Mr. Luster, the reason Dennis had give[n] you a deed was to get a $1,100.00 loan, is that correct?
A. Yes, sir.
Moreover, Luster's comment, "Dennis, you don't owe the bank, you just owe me," is wholly at odds with his present claim that title vested in him no later than when Sweet failed to pay the loan's principal in February, 1978.
Equally significant, the deed at issue stands as one of several transactions, where individuals secured loans after they had executed deeds to Luster. Upon repayment, Luster would reconvey the property. In this instance, Luster endorsed a note for $1,100.00, receiving in return a deed to property valued at as much as $24,500.00.
Finally, there was testimony that Sweet had continued to express an ownership interest until the time of his death, speaking to his children about the land and timber.
Sweet and Luster fixed the character of their agreement at the time of the transaction. See, Emmons, 217 Miss. at 600, 64 So.2d at 755. Based on the above, the Court finds that the deed acted only as a debt-securing mortgage. In Harris, 451 So.2d at 1366, the Court stated that where a "deed absolute on its face is held to be a debt-securing mortgage, there is an express or implied promise to do whatever is necessary to reinvest title in the grantor upon payment of the debt." See also, Emmons, 217 Miss. at 600, 64 So.2d at 755.[2]
Therefore, we reverse and remand this case to the Chancery Court of Claiborne County, ordering an accounting, and upon payment of the amount due, the cancellation of the deed from Dennis Sweet, Jr. to Walter Luster, Sr., covering the subject one-fourth undivided interest in 289 acres of land.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] TRACT 1: That certain tract of land which was conveyed to J.L. Luster and J.H. Luster by E.J. Burnett by deed recorded Book 3-M, page 377 of the deed records of said Claiborne County which is here referred to in aid of description; this tract containing 161 acres, more or less, in Section 20, Township 13 North, Range 5 East; for survey, begin at a point on the line between the old J.E. Ross and J.C. Ross homesteads, said point being 5 chains South of the section line between Sections 17 and 20 of said Township and Range, and 5 chains and 75 links from the Northwest corner of said Section 20, a pine tree X/// North 47.5° West 33 links; run thence East 27 chains to stake; thence South 59 chains to a point where a lynn tree X/// bears North 63.5° West 12 links; thence West 27 chains to a point, whence a sweet gum X/// bears South 48° West 11 links; thence North 59 chains and 63 links to place of beginning. Excepting therefrom any estate conveyed for public school on one acre, more or less.

TRACT 2: That certain tract of land which was conveyed to J. Luster and J.H. Luster by E.J. Burnett by deed recorded in Book 3-M, page 510 of the deed records of said Claiborne County, which is here referred to for more particular description; this tract containing 130 acres, more or less, and described as being the Southeast Quarter of the Southeast Quarter of Section 18, Township 13 North, Range 5 East, and the East Half of the Northeast Quarter of Section 19 in said Township and Range; also a strip of land lying along the West side of the Northwest Quarter of Section 20, said Township and Range, said strip being described as follows: begin for survey at the Southeast corner of the East Half of the Northeast Quarter of said Section 19 and run thence due East to line of the old J.C. Ross homestead as was laid off by Aratus Shields on November 18, 1889; thence North along line of said homestead and the North line of said Section 20; thence West to the Northwest corner of said Section 20; thence South to the point of beginning.
Excepting from the above tracts, however, a small parcel thereof containing 2 acres, more or less, and being fully described in deed from Walter Luster to Joe Arthur Luster and Mary Ann Barnes Luster recorded in Book 7-F, page 231 of the deed records of said Claiborne County, which is here referred to for a full description of the excepted portion.
Also except any other small tracts which have heretofore been conveyed off of said property.
[2] Luster plead laches, "so often that last gasp of a dying cause." Allgood v. Allgood, 473 So.2d 416, 422 (Miss. 1985). Yet, under Miss. Code Ann. § 15-1-9 (1972), the appellants acted seasonably, and laches was unavailable as a defense. See Hill v. Nash, 73 Miss. 849, 862, 19 So. 707, 710 (1896).