COWART *v.* COWART.

Division A. Apr. 16, 1951.

No. 37923 (51 So. (2d) 775)

J. M. Coleman, for appellant.

Fred P. Wright, for appellee.

Lee, J.

W. J. Cowart died on April 29, 1948. Thereafter a written instrument dated February 6, 1948, purporting to be his last will and testament, was offered for, and admitted to, probate in common form on May 20, 1948. By the terms thereof, the property was devised and bequeathed to seven of his children. The other two, Willie Cowart and another, were excluded except for the payment of $1 to each. In due course Willie Cowart filed his caveat. His objections were that his father did not have testamentary capacity to make the will and that he was unduly influenced to do so. The issue of devisavit vel non was made up, and, by agreement of the parties, was tried before the chancellor without the intervention of a jury. The court upheld the will, and Willie Cowart appeals.

Mr. Cowart owned a home and farm of substantial acreage, which he had shared with appellant and family for a number of years. In August preceding his death, he suffered a partial paralytic stroke. On January 11 following, he was moved to the home of Mrs. Towrey, a daughter, where he subsequently died at the age of 86 years.

The appellant, to sustain the charge of insufficient testamentary capacity, introduced a large number of witnesses. Some of these witnesses could testify only to the condition of Mr. Cowart while he was at his home, inasmuch as they never saw him again after he had been moved to Mrs. Towrey's. Others saw him in both places. There was substantial agreement that, at times, he was better. However, the opinion of most of these witnesses was to the effect that, at no time, was he mentally capable of making a will.

For the proponents, there were also a number of witnesses. The doctor, who attended Mr. Cowart over the whole period from the beginning of the illness in August until death, expressed the opinion that, at times, he had sufficient capacity to make a will, while at others he did not. The testimony of the other witnesses was confined to the period after he had been moved to Mrs. Towrey's and until death. With one accord, they all agreed that he could carry on a satisfactory conversation; that he discussed the scriptures; that he knew what he was doing; and was mentally capable of making a will. One of the subscribing witnesses testified that he spent more than an hour with Mr. Cowart at the time of witnessing the will—he talked with good sense—explained what he was doing—said that he was giving some of his children more than others—some had treated him better. He further testified that Mr. Cowart took the will, placed it on a book, and said that he could sign all right, though his eyesight was not too good. This witness deemed him of sufficient mental capacity to know what he was doing and to make a will. Other witnesses who had made numerous visits concurred that he was mentally able to make a will.

Thus the evidence presented a sharp dispute.

Of course, ██ a person of sound mind may execute a will from such motive as may be satisfactory to him. Gathings v. Howard, 122 Miss. 355, 85 So. 240.

██ One of the purposes of having witnesses to the execution of a will is to determine the capacity of the testator to make the will. Helm v. Sheeks, 116 Miss. 726, 77 So. 820; Gathings v. Howard, supra. One of the subscribing witnesses offered the only evidence as to the mental capacity of the testator on the day that the will was signed and declared, and his evidence showed sufficient capacity.

In Lambert et al. v. Powell et al., 199 Miss. 397, 24 So. (2d) 773, 775, 168 A. L. R. 964, a case very much in point here, it was said: ██ ''The mental capacity

of one executing an instrument to pass a title to land is to be tested as of the date of its execution, and temporary or intermittent insanity or mental incapacity does not raise a presumption that it continued to the date of such execution.'' The opinion cited Alexander on Wills, Vol. 1, p. 327; Schouler on Wills, Vol. 1, p. 134; Lum v. Lasch, 93 Miss. 81, 46 So. 559; Moore et al. v. Parks et al., 122 Miss. 301, 84 So. 230; Scally et al. v. Wardlaw et al., 123 Miss. 857, 86 So. 625; and Fortenberry v. Herrington, 188 Miss. 735, 196 So. 232. It observed that those cases dealt with wills, but pointed out that the rule as to the time for testing mental capacity applies alike to deeds and wills. The court referred to its approved rule that mental capacity is sufficient if the testator understands and appreciates the nature of his act, the beneficiaries of his bounty and their relation to him, and is capable of determining how he desires to make disposition of his property. See Moore et al. v. Parks et al., supra; Fortenberry v. Herrington, supra.

 The decree of the lower court, on this disputed issue of fact, is supported by substantial evidence. Under such circumstances, this Court will not disturb it on appeal. Butler's Estate v. McQuarters, Miss., 48 So. (2d) 617; Meek v. Humphreys County, 133 Miss. 386, 97 So. 674; Howell v. Shannon, 80 Miss. 598, 31 So. 965.

The appellant offered no proof whatever on the issue of undue influence.

Affirmed.