HICKEY *v.* ANDERSON, et al.

Oct. 6, 1952

No. 38467          2 Adv. S. 29          60 So. 2d 513

See Hickey v. Anderson, 210 Miss. 455, 49 So. 2d 713.

*H. T. Carter* and *Guyton & Anderson,* for appellants.

*Robin Weaver* and *T. J. Tubb,* for appellees.

LEE, J.

This is the second appearance of this cause here. Hickey v. Anderson, 49 So. 2d 713. In the first trial, the issues were whether or not a fiduciary relationship existed between the decedent Mrs. Rosa Ann Burns, and the appellees, and whether or not the appellees exercised undue influence over Mrs. Burns in the execution .of a deed to them. In that trial, the complainant used several witnesses in support of the allegations of the bill; and, at the close of his evidence, the appellees, without introducing any evidence whatever, made a motion to exclude, which motion was sustained, and the bill was dismissed.

On appeal here, it was held that, on such a motion, the court must accept as true all of the believable evidence, together with the reasonable inferences to be deduced therefrom; and that under such rule, a prima facie case had been made out, which required appellees to put on

their proof so that the issues could be decided in the light of all the evidence. The decree was therefore reversed and the cause remanded for a new trial.

On the second trial, the complainant introduced substantially the same evidence. In addition, other witnesses who had offered to testify as to the mental condition of Mrs. Burns, but whose testimony was excluded, were permitted to testify. He also developed as far as possible the facts in connection with the decedent's bank account before and after she began to live with the defendants.

At the conclusion of the complainant's case, the defendants put on a large number of witnesses, including the notary public before whom Mrs. Burns acknowledged her signature to the deed and the doctor who had been her physician for many years. These witnesses testified that Mrs. Burns was in her right mind and was fully capable of understanding her acts prior to, at the time of, and subsequent to, the execution of the deed in question. This evidence was further to the effect that she was a woman of strong will; that she neither sought nor obtained advice from the defendants or anyone else; that the defendants exercised no undue influence over her; and that there was no fiduciary relationship existing between the defendants and Mrs. Burns.

The learned chancellor, at the close of the case, resolved the issues against the complainant and dismissed his bill. From the decree entered he appeals.

(Hn 1) Since the evidence fully sustains the conclusion reached by the trial court, his findings will not be disturbed here. Muse, et al. v. Alexander, et al., 56 So. 2d 804; Cowart v. Cowart, 51 So. 2d 775.

Affirmed.

*Roberds, P. J., Hall, Holmes* and *Arrington, JJ.,* concur.