239 So.2d 922 (1970)
John WILLENBROCK and Joseph E. Wight, Jr.
v.
Carl BROWN.
No. 45884.
Supreme Court of Mississippi.
October 12, 1970.
*923 Jack Parsons, Wiggins, Edward J. Currie, Jr., Hattiesburg, for appellants.
R.L. Calhoun, Hattiesburg, William E. Andrews, Jr., Purvis, for appellee.
INZER, Justice:
Appellee, Carl Brown, recovered a default judgment in the Circuit Court of Pearl River County in the amount of $1,907 against appellant John Willenbrock. The judgment, not having been satisfied, a writ of garnishment was issued against Lumberton State Bank. The bank answered the garnishment and admitted that it was indebted to Willenbrock in the sum of $23.57 by virtue of account number XXX-XXX-X and which it is admitted was subject to garnishment. The bank also admitted that it was indebted to Willenbrock by virtue of an account number XXX-XXX-X, an account set up on its books as "John Willenbrock, Special Trust," subject to checks being drawn by Mr. or Mrs. John Willenbrock and at the time of the service of the writ contained the sum of $1,623.93. The answer also alleged that it had been informed prior to the service of the writ by Willenbrock and appellant Joseph E. Wight, Jr., that the account was a trust account being held for the benefit of Wight. The bank tendered the amount of the account into court and asked that it be allowed to interplead the parties claiming the money. The court entered an order allowing the bank to interplead the parties and directed that summons issue for all parties claiming any interest in the funds.
Appellant Willenbrock filed a motion to quash the garnishment proceedings and to set aside the default judgment. The basis for this motion is that the return on the process revealed that it was served on Willenbrock on August 16, 1967, while the record showed that the suit was not filed until August 17, 1967. Therefore, the summons served prior to the filing of the suit was void and of no effect and that the court did not have jurisdiction to enter the default judgment.
Appellee Carl Brown answered this motion and set up that the record in this cause shows that the declaration was filed on August 17, 1967, and that process was issued for the defendant on the same day and that process was actually served on the defendant on August 17, 1967, and that the return on the process was erroneous. The answer also alleged that the true facts would be shown on the hearing and that the sheriff would be requested to amend his return to show the correct date of the process.
Appellant Wight by sworn answer set up that the funds being held by Willenbrock in account number XXX-XXX-X belonged to him and that at the time the account was opened the bank was informed that Wight and his wife were estranged and at her instance a receiver had been appointed to take possession of all of his assets and that it was his desire to deposit these funds in a special trust account in the name of Willenbrock so that the funds could not be reached by attachments or garnishment by his wife.
*924 Appellee Brown responded to the answer of Wight and denied Wight was the true owner of the funds and as an additional defense alleged that Wight was not entitled to any relief because by his sworn answer he showed that he was attempting to perpetrate a fraud upon his wife.
The trial court overruled a motion of Willenbrock to quash the writ of garnishment and set aside the judgment and from this ruling Willenbrock appealed.
A hearing was had on the claim of Wight to the funds and after hearing the evidence, the court held that Wight by his own testimony was guilty of perpetrating a fraud on his wife and if he would defraud one person he would defraud another and for this reason he was not entitled to recover the funds. A judgment was entered in accordance with the findings of the court and from this judgment Wight has appealed.
Appellant Willenbrock assigns as error the action of the trial court in overruling his motion to quash the garnishment proceeding and to vacate or set aside the default judgment for the want of jurisdiction. It is asserted that the court arbitrarily overruled the motion without hearing any evidence. The only thing in the record to indicate whether the court heard testimony on the motion is the order overruling the motion. The order is as follows:
This cause this day coming on to be heard on Motion of John Willenbrock, Defendant herein, to quash Garnishment Proceedings and to set aside Judgment rendered in this Cause on March 27, 1968, Answer of Carl Brown to said Motion, and the Court after hearing the evidence and considering same, finds therefrom as follows:
Declaration in this cause was filed on August 17, 1967, and Process for the Defendant was issued on August 17, 1967, and was delivered to the Sheriff's Office on August 17, 1967; said Process for the defendant was returned and filed in the Clerk's Office on August 18, 1967. The Court finds that as a matter of fact, that said Process was served on August 17 or 18, 1967, after it was received by the Sheriff's Office. The Court further finds that the Motion to Quash the Garnishment Proceedings and to set aside the Judgment should be and the same is hereby overruled. The Court further finds that said Judgment is a good and valid Judgment. (Emphasis added).
We are of the opinion that the foregoing order of the court is controlling insofar as the appeal of Willenbrock is concerned, unless the court did not hear and consider any evidence in support of this order. Appellant asserts that the record shows conclusively that no testimony was introduced on the motion and that the action of the court was without basis upon which to act. We are unable to find anything in the record to support this assertion. Willenbrock and Wight prosecuted separate appeals and filed separate appeal bonds, both gave notice to the court reporter to transcribe her notes. Willenbrock's notice to the court reporter states that he was aggrieved by the order of the court in overruling his motion to quash the garnishment proceedings and to set aside the judgment and directed her to transcribe her notes and file them with the clerk. While the record does not contain any testimony taken on this motion, there is no certificate of the court reporter in the record relative to this notice. The only certificate in the record involves the testimony taken on the hearing on the claim of Wight to the funds in the bank account. Furthermore, if the record did contain a certificate that she took no notes of the hearing on the motion such certificate would not be sufficient to establish that the court did not hear and consider the evidence. Many times testimony is heard on motions in the absence of the court reporter and the only way to get this evidence, or the lack of evidence, before this Court for review is by a bill of *925 exceptions. It was the duty of the appellant to perfect the record on appeal and we have stated many times that we will not consider anything on appeal that does not appear in the record.
Appellant also contends that the judgment in this case should be set aside because the order of the trial court did not direct the sheriff to amend his return on the process to show the true date that it was served and the record now before the Court still shows on its face that the process was served prior to the filing of the suit. The officer's return of process is presumed to be correct but Section 1880, Mississippi Code 1942 Annotated (1956), provides that the return of an officer serving any process may be shown to be untrue by either of the parties. The court found from the evidence that the return of the officer was untrue and that the appellant had been legally served with process in the manner and form required by law. While the better procedure would have been to have directed the sheriff to perform the ministerial act of amending the return, such is not essential to the validity of the judgment.
As to the appeal of Wight, his sworn answer and his testimony shows that he conspired with Willenbrock to set up the trust account in the name of Willenbrock and placed therein his funds so that funds in this account could not be reached by attachment or garnishment proceedings by his wife in pending litigation. We are of the opinion that the trial court was correct in holding that he was not entitled to recover these funds. In Crabb v. Comer, 190 Miss. 289, 200 So. 133 (1941), we said:
It is one of the oldest maxims of the law that no man shall, in a court of justice, take an advantage which has his own wrong as a foundation for that advantage. (190 Miss. at 296, 200 So. at 135).
See also: Patterson v. Koerner, 220 Miss. 590, 71 So.2d 464 (1954). Wight placed himself in this unfortunate position by an act, not in the usual course of business, but in furtherance of a plan to place his assets beyond the reach of his wife in pending litigation. We are of the opinion that the trial court was correct in refusing to interfere on his behalf and to acknowledge his right, if any, to the funds.
For the reasons stated, we are of the opinion that this case should be, and is affirmed.
Affirmed.
GILLESPIE, P.J., and JONES, BRADY and ROBERTSON, JJ., concur.