531 So.2d 581 (1988)
Reed WALTERS, a/k/a J.R. Walters
v.
Xema PATTERSON and Bank of Mississippi.
No. 57937.
Supreme Court of Mississippi.
August 31, 1988.
*582 Donald A. Wrighton, Aberdeen, for appellant.
Claude A. Chamberlin, Aberdeen, Michael Malski, Carnathan, Malski & Ford, Amory, for appellees.
Before HAWKINS, P.J., and GRIFFIN and ZUCCARO, JJ.
GRIFFIN, Justice, for the Court:
Reed Walters appeals the dismissal with prejudice of his petition in Chancery Court of Monroe County. Walters prayed for reformation of a deed to property known as the "Brown Place" and for the recognition of a constructive trust over property known as the "Town Property". At the close of appellant's case, both defendants moved for dismissal. The Chancellor found that the Statute of Frauds, Miss. Code Ann. § 15-3-1 (1972) was applicable; and that Walters fell short of the standard of proof required to establish his position. The Chancellor also found that the Bank of Mississippi, holder of a deed of trust on the "Brown Property", was an innocent encumbrancer for value and directed a verdict in its favor.

I.
The "Brown Place" and the "Town Property" were transferred by warranty deed on March 25, 1966 and September 28, 1967, respectively. Grantees were Xema Walters Patterson, sister of Reed Walters, and Sadie Bruce Walters, mother of Reed Walters, since deceased.

The "Brown Place"
This property consisted of approximately eighty-five (85) acres of pasture and undeveloped land adjacent to the City of Aberdeen. Reed Walters had purchased this land in 1964 for $7,500. In 1966, Walters was faced with imminent foreclosure of a deed of trust to Monroe Banking & Trust Co. (predecessor in title to Bank of Mississippi; appellee here, defendant below). Mrs. Walters and Mrs. Patterson provided the $8,000 needed to pay Walters' debt to the bank. Each contributed $4,000. Reed Walters conveyed the land to them by warranty deed.
Both Reed Walters and Mrs. Patterson testified that Walters was orally given a right to redeem the land. According to Mrs. Patterson, the right was limited to one year. Walters testified that the right to redeem was for an indefinite time period  possibly extending to fifty years. There was no written memorandum of this agreement. In 1976, Mrs. Sadie Walters died. She devised the "Brown Place" to Mrs. Xema Patterson.
After the 1966 conveyance, Reed Walters performed the following acts of possession on the "Brown Property": (1) At some point after 1966, Bob Patterson, Xema's husband, placed a hog pen on the property. Walters contacted his mother who had the hogs removed within a week. (2) On July 22, 1968, Walters offered to the City of Aberdeen a 15 acre drained lake for garbage disposal. Mr. Patterson, who was a city alderman, did not dispute Mr. Walters' right to offer the land. (3) In 1969, Walters parked construction equipment and placed an 8 x 10 steel metal office building on the property. (4) In 1969 Walters cleared land and planted 29 acres of watermelons. (5) Walters cut "bodock" posts from the land from 1964 to 1983. (6) In *583 1983, Walters submitted a bill to Mrs. Patterson for backhoe work on the "Brown Place". She assigned a right to payment of $1,779 from the United States Department of Agriculture to Walters. Mrs. Patterson testified that all of these acts were with her permission.
On July 2, 1982, Mrs. Patterson executed a deed of trust for the "Brown Place" to Bank of Mississippi. Another deed of trust was executed on July 1, 1983. A third deed of trust was recorded in 1984 and was outstanding at the time of trial.
In 1983, Mrs. Patterson had Reed Walters prosecuted for trespass on the "Brown Place". In that same year, Mrs. Patterson executed an option to purchase fifteen (15) acres of this property to Mr. Denton Roberts.

The "Town Property"
This property consists of eight tracts of undeveloped, rental, and homestead property in the City of Aberdeen. Walters deeded this property to Mrs. Walters and Mrs. Patterson without consideration in order to avoid anticipated federal tax liens. No liens were recorded at the time of the conveyance. The grantee, Mrs. Patterson, accepted the deed and agreed to hold it "... to save the Internal Revenue from taking it away from him."
Reed Walters made no restrictions or conditions upon Mrs. Patterson when the property was conveyed. Mrs. Patterson collected rent, paid taxes, paid notes as they became due, and repaired all or part of this property until 1980. The majority of this property was deeded by Mrs. Patterson to Walters' four children in 1976. Mrs. Walters devised her interest in this property to Reed Walters. Reed Walters' petition asserted that this property was transferred in order to protect it from Internal Revenue Service liens.

II.
Appellant's assignment of error asserts that the Chancellor erred in granting appellees' motions to dismiss.
The standard of review of the Chancery Court's order to dismiss an action is the substantial evidence/manifest error standard. Rules Civ.Proc., Rule 41(b). Croenne v. Irby, 492 So.2d 1291 (1986).

A.
In granting the motion of the Bank to dismiss Reed Walters' petition, the Chancellor found that the Bank of Mississippi was an innocent encumbrancer for value. This finding of fact may not be disturbed on appeal provided there is in the trial record substantial supporting evidence. The trial judge's findings may not be disturbed on appeal unless manifestly wrong. Dungan v. Dick Moore, Inc., 463 So.2d 1094, 1100 (Miss. 1985); Cotton v. McConnell, 435 So.2d 683, 685 (Miss. 1983); Culbreath v. Johnson, 427 So.2d 705, 707-8 (Miss. 1983). The 1966 warranty deed from Reed Walters to Mrs. Xema Patterson was absolute on its face and properly recorded. Evidence was introduced that the Bank relied on this record, and on an attorney's opinion in lending money to Mrs. Patterson and accepting the "Brown Place" as security for the loans. No evidence was introduced which would indicate that the Bank was aware of any oral agreement between grantor and grantee.

B.
In granting the motion of Mrs. Xema Patterson to dismiss Reed Walters' petition, the Chancellor did not make any specific findings of fact. He simply applied the Statute of Frauds, Miss. Code Ann. § 15-3-1 (1972), and found that Walters fell short of the standard of proof required to establish his position. Where the trial judge makes no specific finding of fact, this Court will assume that he made determinations of fact sufficient to support his verdict. Rives v. Peterson, 493 So.2d 316, 317 (Miss. 1986); Dungan v. Dick Moore, Inc., 463 So.2d 1094, 1100 (Miss. 1985); Cotton v. McConnell, 435 So.2d 683, 685 (Miss. 1983); Culbreath v. Johnson, 427 So.2d 705, 707-8 (Miss. 1983). Where the trial judge made no specific finding but where a determination of such issue was arguably necessary to the ultimate resolution of the *584 case, we are required by our prior decisions and by sound institutional considerations to proceed on the assumption that the trial judge resolved all such issues in favor of appellee. Dungan v. Dick Moore, Inc., supra; Harris v. Bailey Avenue Park, 202 Miss. 776, 791, 32 So.2d 689, 694 (1947).
The Chancellor's application of the Statute of Frauds necessarily infers a finding that there was a contract to reconvey.
To overturn a deed absolute on its face, the challenger must overcome the presumption in favor of the holder of the deed. Jordan v. Jordan, 145 Miss. 779, 111 So. 102 (1927). The challenger must first establish that he retained possession of the property by clear, unequivocal and convincing evidence. Jordan, supra. Reed Walters was required to establish his continued possession of the "Brown Place" after the conveyance. To establish possession, it is sufficient that the nature of his possession was unchanged after the conveyance. Sweet v. Luster, 513 So.2d 1240, 1242 (Miss. 1987).
The challenger must then prove the mortgage or the contract to reconvey. Conner v. Conner, 238 Miss. 471, 119 So.2d 240 (1960). Both Reed Walters and Mrs. Patterson testified that there was an agreement to reconvey the "Brown Place" on condition of repayment of the $8,000 plus six percent (6%) interest. Both testified that the agreement was oral and that Walters was not obligated to pay. Whether he chose to redeem the property was entirely at his option. No obligation to pay or debtor/creditor relationship was established. The Statute of Frauds requires that any contract to be performed over a period longer than one year or for the sale of lands be in writing. The application of this statute to the situation sub judice satisfies the sound policy requiring certainty of title.
The principal purpose of the Statute of Frauds [Miss. Code Ann. § 15-3-1 (1972)] is to require the contracting parties to reduce to writing the specific terms of their contract, especially an agreement affecting lands for more than one year, and thus to avoid dependence on the imperfect memory of the contracting parties, after the passage of time, as to what they actually agreed to some time in the past.
Sharpsburg Farms, Inc. v. Williams, 363 So.2d 1350, 1354 (Miss. 1978).
This Court notes that Reed Walters entered into this contract with Mrs. Patterson in 1966, and that his action was commenced in 1984. Mr. Walters did not tender payment into the court when he filed suit. "Equity will not lend its aid to one who is guilty of unconscionable conduct and great laches in asserting rights, where deeds of record indicate title in others." Barron v. Federal Land Bank of New Orleans, 182 Miss. 50, 180 So. 74 (1938). Assuming there was an agreement of uncertain time of performance, Walters was required to tender payment within a reasonable time.
Contracts of this nature, stipulating no time for performance, must be performed within a reasonable time.
This rule, resting as it does upon sound policy, should never be departed from, merely to relieve against the hardship of a particular case. The law exacts a certain degree of diligence in the assertion of rights; and it has now almost ripened into a maxim, that rights not asserted within a reasonable time, are treated as abandoned, or as surrendered to the opposing party.
Magee v. Catching, 33 Miss. 672 (1857).

C.
This Court notices that appellant, Reed Walters petitioned a court of equity for relief. In his petition, and in the testimony of both Walters and Mrs. Patterson, Walters' asserted purpose in transferring title to the "Town Property" was to conceal the property from the United States Internal Revenue Service. Transfers of this nature and for such purposes are in violation of the statute of frauds and contrary to public policy. Thigpen v. Kennedy, 238 So.2d 744, 746 (Miss. 1970); Patterson v. Koerner, 220 Miss. 590, 71 So.2d 464 (1954).
*585 The maxim is often stated in the following language, "he who doeth fraud, may not borrow the hands of the chancellor to draw equity from a source his own hands hath polluted." It is the duty of the Court to apply it of its own motion when it becomes evident that the facts are such that they call for the application of the maxim. Griffith, Mississippi Chancery Practice, § 42 (1950).
The judgment of the Chancery Court of Monroe County is affirmed with case remanded for writ of inquiry as to statutory damages.
AFFIRMED WITH CASE REMANDED FOR WRIT OF INQUIRY.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and ZUCCARO, JJ., concur.
ANDERSON, J., not participating.