# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-01438-SCT

**CLAIR DINET AND ROLDIN DINET**

*v.*

**ROBERT L. GAVAGNIE AND CITY OF WAVELAND, MISSISSIPPI**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/25/2005 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | WILLIAM CHAD STELLY |
| ATTORNEYS FOR APPELLEES: | MATTHEW STEPHEN LOTT |
| | ROBERT W. WILKINSON |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | VACATED AND REMANDED- 02/15/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This case is on appeal from the Circuit Court of Hancock County, by Plaintiffs Clair and Roldin Dinet.  Plaintiffs seek review of the trial court's order, which granted the Defendants' Motion to Strike All Pleadings and dismissed the entire matter without prejudice. We find that the failure of their foreign counsel James Shields to obtain admission *pro hac vice* in the instant proceedings does not warrant the harsh sanction of dismissal of the Dinets' claims in this case. We conclude that, on remand, the trial court may impose sanctions upon Shields as the trial court deems proper, including reporting to the appropriate

association(s) of an apparent violation of Rule 5.5(a) of the Louisiana Rules of Professional Conduct.

## FACTS AND PROCEDURAL HISTORY

¶2.     On September 27, 2001, Plaintiffs filed a Complaint for damages arising out of a traffic accident between Clair Dinet and Waveland Police Officer Robert Gavagnie. Attorney James Shields signed and caused the Complaint to be filed, listing his Louisiana business address and listed the name of Leigh Triche Janous, a member of the Mississippi Bar, under his signature. Between March 7, 2003, and September 12, 2003, Shields appeared at several depositions taken in this case. Shields filed subsequent pleadings with the court, but Janous never made any appearances nor signed any of these pleadings. In the summer of 2004, in preparation for the August 2004 trial, Defendants' counsel became suspicious that Shields was not licensed in this state and placed a call to the Mississippi Bar Association, which confirmed their suspicions. Defendants claim that the fact that Shields was not licensed in Mississippi was not readily ascertainable because he signed all pleadings without a bar number and spoke often of trying cases in Mississippi. In July 2004, counsel for Defendants informed Shields of the need for an attorney licensed in Mississippi to take the next deposition. Shields appeared at the deposition, where he was informed of his need to obtain admission *pro hac vice* in Mississippi courts. He was also told that local counsel would need to sign all pleadings and appear for depositions if he failed to obtain admission.

¶3.     On January 5, 2005, Defendants filed their Motion to Strike All Pleadings, alleging that the pleadings in the case were invalid and should be stricken from the record as a result of Shields' failure to obtain admission *pro hac vice* despite several warnings from defense

2

counsel. Notice of this hearing was sent to Shields on January 10, 2005. On January 31, 2005, Janous was replaced by Chad Stelly, a Mississippi attorney, as local counsel, but Shields did not withdraw as counsel nor seek admission *pro hac vice*. On February 4, 2005, defense counsel sent Stelly and Shields a letter informing them that the Motion to Strike All Pleadings would be withdrawn if Shields were to file for admission *pro hac vice* or withdraw from the proceedings. Notice of the hearing on Defendants' Motion to Compel, Motion for Summary Judgment and Motion to Strike All Pleading filed by Plaintiffs was again sent to Shields and Stelly on February 4, 2005. On February 22, 2005, the trial court heard the Motion to Strike All Pleadings, but Shields did not appear. At this time, Shields had not yet filed for admission nor had he withdrawn from the proceedings. Defendants' motion was granted, and the court signed an Order for Dismissal without prejudice on February 25, 2005. On March 4, 2005, Plaintiffs filed a Motion for a New Trial on the Motion to Strike All Pleadings, and, having been denied, Plaintiffs bring this appeal asserting the following issues for review. We repeat them here verbatim:

I.   Whether the trial court abused its discretion in granting Defendants' Motion to Strike all Pleadings, which was not filed until the expiration of over three years from the date of the filing of the Original Complaint for Damages and after substantial discovery has been conducted, and no evidence of any improprieties was presented warranting striking of any of the pleadings.

II.  Whether the trial court abused its discretion in granting Defendants' Motion to Strike All Pleadings which may have effectively administered the unduly and unwarranted harsh result of dismissal of Plaintiffs' cause of action with prejudice.

3

**DISCUSSION**

¶4.     When reviewing a trial court's decision to dismiss under Miss. R. Civ. P. Rule 41(b), the Court may reverse only if it finds the trial court was manifestly wrong. *Walters v. Patterson*, 531 So. 2d 581, 583 (Miss. 1988). The standard for reviewing a trial court's decision of involuntary dismissal under Rule 41(b) is abuse of discretion. *Wallace v. Jones*, 572 So. 2d 371, 375 (Miss. 1990).

¶5.     The first issue that Plaintiffs assert on appeal is that the trial court erred in granting Defendants' Motion to Strike All Pleadings, since the motion was filed more than three years after the filing of the original complaint in 2001, after substantial discovery had been conducted. While Plaintiffs admit that Shields is not a member of the Mississippi Bar, nor was he admitted *pro hac vice* in connection with the instant proceedings, they assert he has appeared in state and federal courts of Mississippi on a number of prior occasions. Additionally, in January 2005, Plaintiffs enrolled Stelly, a member of the Mississippi Bar, as undersigned counsel to the instant proceedings. Defendants argue that they timely filed the motion to strike, and that they notified Shields of his need to obtain admission *pro hac vice* many months prior to filing such motion. Defendants argue that when a party timely acts prior to trial of the case, and the trial court properly strikes the pleadings due to a Miss. R. App. P. 46 violation, the Motion to Strike All Pleadings will not be deemed waived.

¶6.     In *Terrell v. Tschrin*, Tschirn, a Louisiana attorney, did not follow the appropriate rules to appear *pro hac vice*, as he never filed an affidavit as required by Rule 46(b)(4). *Terrell*, 656 So. 2d 1150, 1152 (Miss. 1995). The Court said that because of counsel's Rule 46 violation, upon proper motion by Terrell, the pleading in the case would be stricken from

4

the record. However, Terrell did not make this motion until *after* an adverse verdict was returned against him. *Id.* This reflects the view addressed in *Buchanan v. Buchanan*, in which the Court held that a party who knew of grounds for a judge's recusal should not be allowed to take his chances with the jury and then, after he loses, file a motion for that judge's recusal. *Buchanan*, 587 So. 2d 892, 897 (Miss. 1991). However, in the instant case, Defendants filed their motion to strike *before* the case went to trial, and thus do not fall in the same situation as the parties in these cases. Therefore, relying on the Court's reasoning in *Terrell,* Defendants Motion to Strike All Pleadings was not waived.

¶7.        Secondly, Plaintiffs assert that the trial court abused its discretion in granting the defendants' motion to strike all pleadings, which they claim could effectively administer an unwarranted result of dismissal with prejudice because of the running of the statute of limitations. Citing *Wallace v. Jones*, Plaintiffs assert that dismissal should be granted only when lesser sanctions would not serve the best interests of justice. *Wallace*, 572 So. 2d 371 (Miss. 1990). As such, Plaintiffs suggest that the interests of justice warrant reconsideration of the trial court's decision, arguing that the decision to dismiss their claims without prejudice based on Shield's failure to seek admission *pro hac vice* is too harsh a penalty. Citing *Taylor v. General Motors Corp*., Defendants counter that the trial court was completely within its authority when it struck the pleadings and dismissed the case without prejudice. *Taylor*, 717 So. 2d 747 (Miss. 1998). Specifically, Defendants assert that the trial court's ruling was proper because Plaintiffs failed to meet the requirements of Rule 11 of the Mississippi Rules of Civil Procedure and Rules 46(a) and 46(b) of the Mississippi Rules of Appellate Procedure. Defendants argue that as a foreign attorney, Shields violated Miss. R.

5

App. P. 46 by failing to obtain admission *pro hac vice*, and that this failure requires striking any pleadings filed in violation of this rule. Defendants also cite Miss. R. Civ. P. 41(b), which states that the court may dismiss an action involuntarily for failure to comply with the rules of the court or any order by the court. Miss. R. Civ. P. 41(b) (2006).

¶8. The admission of a foreign attorney to practice *pro hac vice* in Mississippi is governed by the requirements of Miss. R. App. P. 46. Rule 46(a) states that "attorneys who have not been admitted to practice in the Supreme Court or the Court of Appeals shall not be permitted to argue orally, or file briefs or any paper in any cause in either Court." Rule 46(b)(2) states that a foreign attorney shall not appear in any cause except as allowed *pro hac vice* under Rule 46(b). Rule 46(b)11(i) mandates that "any pleadings or other papers filed in violation of this rule shall be stricken from the record upon motion of any party or by the court. . . ." Miss. R. Civ. P. 11 requires the signature of regularly admitted attorneys on all pleadings and motions. The portion of the rule which is applicable to this case states:

> The signature of an attorney who is not regularly admitted to practice in Mississippi, except on a verified application for admission pro hac vice, shall further constitute a certificate by the attorney that the foreign attorney has been admitted in the case in accordance with the requirements and limitations of Rule 46(b) of the Mississippi Rules of Appellate Procedure.

Miss. R. Civ. P. 11(a). Therefore, Shields did not comply with Miss. R. Civ. P. 11 or Miss. R. App. P. 46, as he was not regularly admitted in this State nor was he admitted *pro hac vice* pursuant to the procedures outlined in Miss. R. App. P. 46(b) when he signed the pleadings in this case.

¶9. Rule 5.5(a) of the Louisiana Rules of Professional Conduct states that "a lawyer shall not practice law in violation of the regulation of the legal profession in that jurisdiction, or

6

assist another in doing so." La. St. Bar art. XVI, R. 5.5(a).  The Supreme Court of Louisiana disbarred two attorneys for unauthorized practice of law during their employment in North Carolina before either person had passed the Louisiana or North Carolina bar exam.  *In re Stamps*, 874 So. 2d 113, 125 (Miss. 2004)  In addition to other violations, the Disciplinary Board found that the defendants violated Rule 5.5 by engaging in the unauthorized practice of law in North Carolina.  *Id.* at 120.  The Court stated:

> We further find that the record convincingly demonstrates that respondents' failure to disclose their employment prevented this court from obtaining access to information which had a significant bearing on their character and fitness - namely, whether they engaged in the unauthorized practice of law while working in the law office of Mr. Locklear. The evidence suggests an investigation would have clearly revealed both Mr. and Mrs. Stamps engaged in the unauthorized practice of law in North Carolina.

*Id.* at 124.

¶10.    We find that Shields violated Rule 5.5(a) when he engaged in the unauthorized practice of law in this State.  We remand this issue to the trial court with instructions to notify the Louisiana State Bar of this unauthorized activity and for imposition of such other sanctions as the trial court deems proper due to the violations of Miss. R. Civ. P. 11 and Miss. R. App. P. 46.

¶11.    With regard to whether the trial court's order to strike Plaintiffs' pleadings and dismiss their case was proper, Plaintiffs assert that they are properly before the court as they associated Stelly as local counsel in January 2005. They state that Stelly has been a member of the Mississippi State Bar since 1996 and is familiar with the instant proceedings.  This Court has previously affirmed the dismissal of a plaintiff's case without prejudice for the failure of plaintiff's counsel to comply with the court rules governing the admission of

7

foreign attorneys to appear *pro hac vice*. **Taylor,** 717 So. 2d at 750. In **Taylor**, the Court stated that "the result of [Plaintiff counsel's] failure to properly comply with M.R.A.P. 46 was for the trial court to strike [Plaintiffs'] complaint as stated in M.R.A.P. 46(b)(8)(i) [now Rule 46(b)(11)(i)] and pursuant to 41(b) to dismiss the case." *Id*. at 749. However, in **Taylor,** the plaintiffs were represented by *only* a foreign attorney, who had not been properly admitted *pro hac vice.* In the present case, Plaintiffs also are represented by Stelly, a member of the Mississippi Bar who made an appearance as counsel for the Plaintiffs in this action prior to the dismissal of the case.[1] Therefore, the factual situation in this case is distinct from **Taylor**. Janous, who is also licensed in Mississippi, was originally listed as counsel for the Plaintiffs on the original complaint filed on September 27, 2001.[2] On January 28, 2005, Plaintiffs filed a motion to substitute Stelly in the place of Janous as counsel of record. After considering the motion, the trial court issued an order on January 31, 2005, providing that Stelly be substituted in connection with the instant proceedings. All pleadings filed by Plaintiffs after the order substituting Stelly as counsel of record are signed by Stelly. We find that Stelly's appearance effectively cured the failure of Plaintiffs' foreign counsel (Shields) to comply with Miss. R. App. P. 46, because Stelly was counsel for Plaintiffs before the Order for Dismissal was issued on February 25, 2005.

¶12.    Furthermore, this Court has previously reversed the ruling of a trial court, which dismissed a case with prejudice after the plaintiff failed to answer questions under oath after

---

[1] On February 22, 2005, Stelly appeared before the circuit court as counsel for the Plaintiffs for a hearing on the Defendants' motion to strike all pleadings.

[2] "Leigh Triche Janous (Mississippi Bar No. 10130)" appears under Mr. Shield's signature on the original complaint.

8

being instructed to do so by the trial court. *Wallace v. Jones*, 572 So.2d at 376-77. The Court held that dismissals should be granted only when less drastic alternatives have been considered and such lesser sanctions would not serve the best interest of justice. *Id.* The Court also stated that dismissal with prejudice is "an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases." *Wallace,* 572 So 2d at 376. In light of *Wallace,* we find that the dismissal of Plaintiffs' case is too harsh a result.

¶13. Finally, Plaintiffs argue that as a result of the trial court's dismissal without prejudice, they may have had their case dismissed without the opportunity of ever being heard, as the applicable statute of limitations may have expired. Since Plaintiffs' association of local counsel cured their foreign counsel's noncompliance with Miss. R. App. P. 46 and thus determines the outcome of this issue, we need not address this argument. We find that the trial court erred in striking Plaintiffs' pleadings and dismissing their case without prejudice.

## CONCLUSION

¶14. Based on the foregoing reasons, we find that the trial court abused its discretion in granting Defendants' Motion to Strike All Pleadings. We remand to the Circuit Court of Hancock County with instructions to reinstate the Plaintiffs' case.

¶15. **VACATED AND REMANDED**.

**WALLER, P.J., DIAZ, EASLEY, CARLSON, GRAVES AND RANDOLPH, JJ., CONCUR. DICKINSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION. COBB, P.J., NOT PARTICIPATING.**

**DICKINSON, JUSTICE, DISSENTING:**

9

¶16.    My dissent is as simple as ABC.

(A)

¶17.    Miss. R. App. P. 46(b)[3] requires foreign attorneys to be admitted pro hac vice before they are allowed to sign pleadings in a case in our courts.

(B)

¶18.    In this case, a Louisiana attorney not admitted in Mississippi violated Miss. R. App. P. 46(b) by signing pleadings without obtaining *pro hac vice* admission.[4]

(C)

¶19.    Miss. R. App. P. 46(b) clearly, unambiguously, and <u>without provision within the rule of any exception</u>, provides that "any pleadings or other papers filed in violation of this rule <u>shall be stricken</u> from the record upon motion of any party or by the court." (Emphasis added).

¶20.    One of the parties in this case has moved the Court to enforce its own rule and strike the pleadings. The majority's refusal to do so seems to me difficult to defend. Can this Court in fairness expect attorneys to have respect for – and comply with – our rules, when we don't consistently require it?[5]

---

[3]Miss. R. Civ. P. 11 requires "an attorney who is not regularly admitted to practice in Mississippi" to comply with the "requirements and limitations of Rule 46(b) of the Mississippi Rules of Appellate Procedure.

[4] The majority opinion acknowledges that James Shields, a Louisiana attorney neither licensed to practice law in Mississippi nor admitted *pro hac vice*, failed to comply with the unambiguous requirements of Miss. R. App. P. 46 and Miss.R.Civ.P.11 when he signed every pleading filed in this case.

[5]We could easily enforce the rule and strike the pleadings, and allow the plaintiff sufficient time to file pleadings in compliance with the rules.

¶21.    Although further analysis and discussion might be provided, I think for purposes of

setting forth my position, I have said enough.  I respectfully dissent.