KING, C.J.,
for the Court.
¶ 1. Patrick and Jane Deliman appeal from the order of the chancellor granting the motion to quash and dissolve the writ of garnishment, quashing subpoenas, and awarding attorney’s fees to Anthony Clarke Thomas and ACT Environmental, IneJACT).[1]
¶ 2. The Delimans raise issues on appeal before the Court concerning whether the chancellor abused her discretion in finding that Thomas and ACT were not in default in the judgment owed to the Delimans and whether the chancellor abused her discretion in awarding Thomas and ACT attorney’s fees. The Delimans also raise an issue as to whether the chancellor should have estopped Thomas and ACT based on the equitable principle of unclean hands.
*723 ¶ 3. The three specific issues were stated by the appellants as follows:
1. THE CHANCELLOR WAS MANIFESTLY WRONG, CLEARLY ERRONEOUS, AND APPLIED THE WRONG LEGAL STANDARD IN ABATING THE DELIMANS’ EXECUTION EFFORTS AND FAILING TO RECOGNIZE THAT, IN LIGHT OF INDISPUTABLE EVIDENCE OF THE DEFENDANTS’ DEFAULT, THE DELIMANS HAD IMMEDIATE RIGHT TO EXECUTE UNDER THE FINAL JUDGMENT AND MISSISSIPPI LAW.
2. THE CHANCELLOR WAS MANIFESTLY WRONG, CLEARLY ERRONEOUS, AND APPLIED THE WRONG LEGAL STANDARD IN FINDING THAT THE DEFENDANTS WERE ENTITLED TO AN AWARD OF ATTORNEY’S FEES IN THE AMOUNT OF $7,662.87 UNDER THE PROVISIONS OF THE MISSISSIPPI LITIGATION ACCOUNTABILITY ACT, MISS. CODE ANN. § 11-55-1, ET SEQ.
3. THE CHANCELLOR WAS MANIFESTLY WRONG, CLEARLY ERRONEOUS, AND APPLIED THE WRONG LEGAL STANDARD IN FAILING TO ESTOP THE DEFENDANTS’ MOTIONS TO QUASH AND ABATE EXECUTION BECAUSE THE DEFENDANTS WERE NOT PROCEEDING WITH CLEAN HANDS AND WERE MAKING ARGUMENTS CONTRARY TO POSITIONS THEY PREVIOUSLY TOOK IN THE LITIGATION.
¶ 4. Finding no error, the Court affirms the order of the chancellor.
FACTS
¶ 5. On August 15, 2005, the Delimans filed a complaint against Thomas and ACT arising out of a dispute involving the sale of real property. A default judgment was entered against Thomas and ACT on February 13, 2006, for failure to answer the complaint and for failure of counsel for Thomas and ACT to appear at the default hearing. Thomas and ACT were unsuccessful in getting the court to set aside the default judgment.
¶ 6. A hearing was held on damages on August 2, 2006, and the court entered its opinion awarding the Delimans $44,163.75 in attorney’s fees. An amended order was entered changing the amount to $45,343.75. The court gave Thomas and ACT the option of either monthly installments of $1,500 to the Tyner Law Firm or payment in full. Thomas and ACT exercised the option of monthly payments. The specific language in the order is at issue:
Execution of which is stayed to allow Anthony Clarke Thomas and ACT Environmental, Inc. to pay the entire amount on or before October 30, 2006; or elect to make monthly payments to the Tyner Law firm of $1,500 a month, on or before the 30th of each month, until paid in full.
Should Anthony Clarke Thomas or ACT Environmental, Inc. miss one (1) payment or default on any payment or fail to make an election by October 20, 2006, the stay of execution will immediately lift and the Delimans may execute this judgment.
¶ 7. Thomas and ACT exercised the option of making monthly payments. Thomas thereafter mailed the October and November payments by regular mail. After making these two payments, Thomas noticed that his payments were not being negotiated or deposited by the Tyner Law Firm. Upon the advice of counsel, Thomas mailed the December payment by certified mail.
*724 ¶ 8. It is the December payment which is at issue in this case. The payment was mailed by certified mail on December 22, 2006, but was not accepted by the Tyner Law Firm. The postal service made three attempts to deliver the certified letter, which was ultimately returned to Thomas as unclaimed. The envelope showing the three attempts to deliver the letter was produced at the hearing.
¶ 9. Thomas testified that when the certified mail envelope was returned to him he called the Tyner Law Firm and explained to the office manager the problem. Thomas was told that the January payment had already been received, and that he should place the December payment back in the mail using regular mail.
¶ 10. After having received both the December and the January payments, the Tyler Law Firm, on behalf of the Deli-mans, filed the suggestions of writ of garnishment on February 5, 2007, against BancorpSouth, BankPlus, Merchants and Farmers Bank, and Citizens National Bank.
¶ 11. Thomas filed in chancery court a motion to quash the garnishments and subpoenas. The chancellor granted the motions and awarded Thomas and ACT $7,662.87 in attorney’s fees and costs. The court imposed the judgment on the grounds that the Delimans had sought execution in bad faith.
¶ 12. This appeal is from the order quashing the garnishments and subpoenas and awarding Thomas and ACT the attorney’s fees.
STANDARD OF REVIEW
¶ 13. The Court employs a limited standard of review on appeals from chancery court. Miller v. Pannell, 815 So.2d 1117, 1119(¶ 9) (Miss.2002). The Court will review a chancellor’s decision under an abuse of discretion standard. Id. The Court will not disturb a chancellor’s findings unless they are manifestly wrong or clearly erroneous or the court has applied an incorrect legal standard. In re Estate of Ladner v. Ladner, 909 So.2d 1051, 1054(¶ 6) (Miss.2004). The chancellor’s interpretation and application of the law is review de novo. Id.
DISCUSSION
1. The Garnishment Proceedings
¶ 14. The Delimans argue that there was “indisputable evidence” of the default by Thomas and ACT and that they, the Delimans, had an immediate right to execute under the judgment and Mississippi law. They argue that it was error for the chancellor to find that the December payment was timely transmitted under the final judgment and that Thomas made “good faith efforts” to ensure that the payment was made.
¶ 15. The reason for what the Delimans termed “a technical deficiency” was known to the Tyner Law Firm prior to instituting garnishment proceedings. As the Court found, “[cjounsel for Plaintiffs [the Deli-mans] either knew, or should have known, of Defendants’ [Thomas’s and ACT’s] effort to tend the payments in question.” No explanation was given at the hearing as to why the certified letter was unclaimed or why the postal service returned the letter to Thomas. Thomas testified that he verified that the correct address was on the envelope. The law firm had also received the January payment, and there is no indication that they notified Thomas and ACT that the December payment was not being considered as timely received under the court’s order.
¶ 16. This situation is such that there is apparently no other Mississippi case which has construed this matter. The chancellor *725 analogizes the situation to that of the “mail box rule.” The chancellor stated that “there are more than many litigated issues regarding placing something into the Postal Service as being the date of delivery.” Although this is not a perfect analogy, it does provide some insight, more so than the Delimans’ comparison made at the hearing to the notice of appeal.
¶ 17. Thomas and ACT cite Lynch v. Mississippi Farm Bureau Casualty Insurance Co., 880 So.2d 1065, 1071(¶ 20) (Miss.Ct.App.2004) (citing Estate of Beinhauer v. Aetna Casualty & Surety Co., 893 F.2d 782, 786 (5th Cir.1990)). These cases deal with insurance contracts and whether payment has been timely made on the premium. In Beinlbauer, the court held that when the policy did not otherwise define the term payment, the mailing of the premium would be sufficient. Beinhauer, 893 F.2d at 786. In Lynch, the court found that the policy was unambiguous in informing the parties the premium had to be received by a certain date otherwise a lapse in coverage would occur. Lynch, 880 So.2d at 1071(¶ 21). As in Beinhauer, the law firm had invited or acquiesced in payment by mail, and Thomas had mailed the payment in time to reach the law firm by the payment date.
¶ 18. In this case, Thomas had to “make monthly payments before the 30th of each month.” The language of the order does not require that the payment be received by the date specified in the order. Here, the law firm was aware that Thomas had made the monthly payment or attempted to make the payment prior to the due date and prior to garnishment proceedings being instituted. The Court has not been able to find the specific requirement in the order that any default be brought back to the chancery court for review, but this does not invalidate the chancellor’s decision to quash the garnishment.
¶ 19. The use of certified mail is often the preferred method used by the courts. Thomas testified that based on advice of counsel, certified mail was used to make the December payment because the previous payments had not been negotiated. In this case, the chancellor specified that all future payments should be by certified mail.
¶ 20. The Court does not find that the chancellor abused her discretion in entering the order quashing the garnishment and the subpoenas. There is no merit to this assignment of error.
2. The Award of Attorney’s Fees
¶ 21. Mississippi Rule of Civil Procedure 45(f) provides:
(f) Sanctions. On motion of a party or of the person upon whom a subpoena for the production of books, papers, documents, or tangible things is served and upon a showing that the subpoena power is being exercised in bad faith or in such manner as unreasonable to annoy, embarrass, or oppress the party or the person upon whom the subpoena is served, the court in which the action is pending shall order the subpoena to be quashed and may enter such further order as justice may require to curb abuse of the powers granted under this rule. To this end, the court may impose an appropriate sanction.
The comment to the rule states that the appropriate sanction “ordinarily will include attorney’s fees and costs.... ” M.R.C.P. 45(f) cmt.
¶22. Mississippi Code Annotated section 11-55-5(1) (Rev.2002) further provides:
Except as otherwise provided in this chapter, in any civil action commenced *726 or appealed in any court of record in this state, the counsel shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney’s fees and costs against any party of attorney if the court, upon motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded proceedings by other improper conduct including, but not limited to, abuse of discovery procedures available under the Mississippi Rules of Civil Procedure.
¶ 23. It is difficult to believe that the Delimans thought that they had any hope of success in these garnishment proceedings. See Anderson v. B.H. Acquisition, Inc., 771 So.2d 914, 922(¶ 23) (Miss.2000). Although the Delimans argue “[t]hei*e is no evidence that the Delimans or their counsel knew or should have known prior to the expiration of the deadline for payment that Thomas was making ‘good faith efforts’ to pay,” there is considerable evidence that the Delimans or their counsel knew or should have known prior to filing for garnishment of the “good faith efforts” of Thomas to make the December payment. Both the December and January payments had been received by counsel prior to the garnishment proceedings, and the counsel for the Delimans also knew or should have known of the problem with the delivery of the certified mail to the Tyner Law Firm. As the chancellor stated: “It is regrettable that the manner with which we have the Judgment Debtor using is the United States Postal Service, because no one can guarantee the behavior of a third party.”
¶ 24. The decision of the chancellor to impose sanctions against the Delimans is consistent with the decision that the garnishment was unreasonable. The award of attorney’s fees was not clearly erroneous. The Court finds no merit to this assignment of error.
3. The Equitable Principle of Unclean Hands
¶25. This third issue was not raised at the hearing or before the chancellor. Consequently, as Thomas and ACT note, the issue is not properly before this Court on appeal. See R.W. Aiken Ins. Agency, Inc. v. SevenOaks Capitol Corp., 930 So.2d 444, 448(¶ 15) (Miss.Ct.App.2006).
¶26. As stated by the Delimans, the doctrine of unclean hands mandates that the party who comes into equity must come with clean hands, citing Thigpen v. Kennedy, 238 So.2d 744, 746 (Miss.1970); Cook v. Whiddon, 866 So.2d 494, 498(¶ 13) (Miss.Ct.App.2004). The Delimans contend that the unclean hands doctrine prevents a complaining party from obtaining equitable relief when the party is guilty of wilful misconduct in the transaction at issue, citing Bailey v. Bailey, 724 So.2d 335, 337(¶ 6) (Miss.1998).
¶27. In addition to finding that the issue is not properly before the Court, the Court also finds that the doctrine of unclean hands is not applicable to this situation. There is no evidence of “wilful misconduct” on the part of Thomas and ACT. Thomas sent the December payment by certified mail to the address of the Deli-mans’ counsel with the intent that the payment would be made and timely received. This is a commonly accepted and not unreasonable business practice. This Court fails to see how the embrace of this commonly accepted business practice could be considered as misconduct, much less *727 wilful misconduct. There is no merit to any of the assignments of error raised by the Delimans.
¶ 28. THE JUDGMENT OF THE CHANCERY COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE AND MYERS, P.JJ., GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.

. Anthony Clarke Thomas’s name is spelled as "Clark” and "Clarke” in the record. For consistency we will spell the name as "Clarke”; however, in the quotations, we have left the name as it appears.