936 So.2d 970 (2006)
James COCKRELL and Susie P. Cockrell, Appellants
v.
Paul WATKINS, Jr., Appellee.
No. 2005-CA-00730-COA.
Court of Appeals of Mississippi.
August 22, 2006.
*971 Carter Dobbs, attorney for appellants.
Jason Lee Shelton, attorney for appellee.
Before LEE, P.J., SOUTHWICK and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Brandon Lashun Watkins's mother, Susie Ann Cockrell, was killed in an automobile accident on September 12, 2004. As Paul Watkins, Jr. ("Watkins") never married Susie Ann Cockrell and has never been adjudicated to be the father of Brandon Lashun Watkins, James Cockrell and Susie P. Cockrell, Susie Ann Cockrell's parents ("the Cockrells"), brought suit in the Chancery Court of Chickasaw County seeking custody of Brandon Lashun Watkins ("Brandon"). The chancellor granted legal and physical custody to Watkins, while granting visitation rights to the Cockrells. Aggrieved, the Cockrells appeal. Finding no error, we affirm.

FACTS
¶ 2. Brandon's mother, Susie Ann Cockrell, was killed in an automobile accident on September 12, 2004. Though Watkins never married Susie Ann Cockrell, it is undisputed that Watkins is Brandon's natural father, though there was never any adjudication of such paternity. However, because Watkins never married Susie Ann Cockrell and had never been adjudicated to be Brandon's father, the Cockrells brought suit in the Chancery Court of Chickasaw County seeking custody of Brandon.
¶ 3. The Cockrells, when serving Watkins with the summons, additionally served him with a request for admissions. The admissions were not answered within the thirty-day limit proscribed by Rule 36(a) of the Mississippi Rules of Civil Procedure. As a result, at the beginning of Watkins's testimony at trial, the Cockrells moved that such admissions, namely that Watkins was not "a fit and proper person to have the care, custody and control of [Brandon]," be deemed dispositive of the matter. The chancellor took the motion under advisement, but waited to see how the record developed. On the second day of trial, Watkins introduced his responses to the Cockrells' request for admissions. The chancellor entered his opinion on February 15, 2005, finding that the Cockrells' request for admissions would be admitted, but that Watkins was not mentally or morally unfit to have custody of Brandon. The chancellor entered final judgment on February 16, 2005, giving legal and physical custody to Watkins. Aggrieved, the Cockrells timely appeal, asserting: (1) that the chancellor erred when he deemed that the Cockrells' request for admissions was admitted, but failed to find such admissions dispositive of Watkins's unfitness for custody of Brandon; (2) that the chancellor erred by failing to find Watkins mentally or morally unfit for custody; (3) that the chancellor erred by failing to find that Watkins's conduct amounted to family violence as contemplated by Mississippi Code Annotated section 93-5-24 so as to create *972 a presumption that Watkins should not have custody of Brandon; and (4) that the chancellor erred in finding that it was not in the best interest of Brandon that the Cockrells be awarded custody.

STANDARD OF REVIEW
¶ 4. In child custody cases, this Court will only disturb a chancellor's decision if such decision is manifestly wrong, clearly erroneous, or applied an improper legal standard. Mabus v. Mabus, 847 So.2d 815, 818(¶ 8) (Miss.2003); C.W.L. v. R.A., 919 So.2d 267, 270(¶8) (Miss.Ct.App. 2005) (citing Johnson v. Gray, 859 So.2d 1006, 1012(¶ 31) (Miss.2003)). A chancellor's findings of fact will not be set aside on appeal so long as they are supported by substantial evidence. C.W.L., 919 So.2d at 270(¶ 8) (citations omitted).

ISSUES AND ANALYSIS

I. Whether the chancellor erred when he deemed that the Cockrells' request for admissions was admitted, but failed to find such admissions dispositive of Watkins's unfitness for custody of Brandon.
¶ 5. Rule 36(a) of the Mississippi Rules of Civil Procedure states, inter alia, that if a party fails to answer a request for admissions on a matter within thirty days, that matter is deemed to be admitted. Because Watkins failed to answer the Cockrells' request for admissions within thirty days, the chancellor deemed such matters to be admitted. The matter admitted was that Watkins was unfit to have custody of Brandon.
¶ 6. However, the chancellor, citing Martin v. Simmons, 571 So.2d 254, 257 (Miss. 1990), correctly stated that such admissions were not necessarily dispositive of the case, and that he was authorized, and even duty-bound, to review all evidence, including Watkins's answers to interrogatories and testimony, before coming to a decision concerning Watkins's fitness. Because the chancellor was not manifestly wrong or clearly erroneous in ruling that the admissions were not dispositive of the matter, and because he did not apply an improper legal standard, this issue is without merit.

II. Whether the chancellor erred by failing to find Watkins mentally or morally unfit for custody.
¶ 7. The Cockrells contend that the chancellor erred in finding Watkins morally and mentally fit for custody of Brandon. There is a presumption in Mississippi that the best interests of a child will best be preserved by remaining with his surviving parent unless the third party seeking custody makes a clear showing of one of the following: (1) the surviving parent abandoned the child; (2) the conduct of the surviving parent is so immoral as to be detrimental to the child; or (3) the surviving parent is unfit mentally or otherwise to have custody. Rutland v. Pridgen, 493 So.2d 952, 954 (Miss.1986).
¶ 8. The chancellor in the case sub judice addressed each one of these issues in turn. As to abandonment, he found that, since Watkins had been with Brandon since his mother's death, he did not abandon Brandon. As to the immorality of Watkins's conduct, the chancellor addressed each one of Watkins's shortcomings as pointed out by the Cockrells (i.e., that Watkins: (a) had at least fifteen speeding convictions; (b) had five paternity adjudications against him and was delinquent in paying child support on all of the cases; (c) falsely testified that he did not have a firearm on his person on the night of Susie Ann Cockrell's death; and (d) falsely testified concerning breaking a car windshield). The chancellor stated, "As *973 the Court understands the Pridgen test, the immoral conduct must be so immoral as to be detrimental to the child. Brandon has not been affected by his father's conduct. Moreover, the Cockrells admitted that [Watkins] was a good father." There was no evidence presented in the chancery court as to Watkins's mental infirmity. In fact, there was testimony by Watkins's pastor, his pastor's wife, and several other witnesses that Watkins had changed his life for the better and regularly attended church. There was also testimony that Watkins had the support of his own parents in caring for Brandon.
¶ 9. The chancellor applied the proper legal standard, and his findings were supported by substantial evidence. This issue is consequently without merit.

III. Whether the chancellor erred by failing to find that Watkins's conduct amounted to family violence as contemplated by Mississippi Code Annotated section 93-5-24(9) so as to create a presumption that Watkins should not have custody of Brandon.
¶ 10. Mississippi Code Annotated section 93-5-24(9)(a)(i) (Rev.2004) ("the statute") creates a rebuttable presumption that it is not in the best interest of a child to be placed in the custody of a parent with a history of perpetrating violence against a family member. Such presumption may be rebutted by a preponderance of the evidence. Miss.Code Ann. § 93-5-24(9)(a)(ii) (Rev.2004).
¶ 11. The Cockrells alleged three occurrences or series of occurrences which they argued constituted family violence within the meaning of the statute. The first incident was characterized as an "altercation" between Watkins and Susie Ann Cockrell in rural Chickasaw County. Testimony revealed that both Watkins and Susie Ann Cockrell "had sharp objects," and that Susie Ann so seriously injured Watkins as to put him in intensive care for days, though Watkins did not physically abuse her in the altercation. The chancellor thus found that the altercation did not constitute family violence within the meaning of the statute.
¶12. In the second incident(s), the chancellor noted testimony that Susie Ann would occasionally lock Watkins out of her house, and that Watkins "would use anything he could to get the door open. Sometimes he would stay around for a while then he would leave." The chancellor likewise found that this did not constitute family violence within the meaning of the statute. The third allegation of violence was merely that there was "constant turmoil in the household."
¶ 13. The chancellor found that none of these amounted to family violence within the meaning of the statute. Further, the chancellor correctly stated that, even if such incidents had constituted family violence, which he submitted that they did not, the statute gave him the discretion to grant Watkins custody of Brandon "if that parent is less likely to continue to perpetrate family violence." The chancellor stated that, as all evidence presented involved alleged "violence" between Watkins and Susie Ann, such "violence" obviously would not be possible to continue.
¶ 14. We cannot say that the chancellor was manifestly wrong, clearly erroneous, or applied an improper legal standard with regard to this issue. Accordingly, this issue is without merit.

IV. Whether the chancellor erred in finding that it was not in the best interest of Brandon that the Cockrells be awarded custody.
¶ 15. The issue of Brandon's best interest has already been discussed above. As stated above, there is a presumption *974 that the child's best interest will be best served by remaining with his surviving parent, and the Cockrells did not overcome that presumption by clearly proving that clear showing of one of the following: (1) the surviving parent abandoned the child; (2) the conduct of the surviving parent is so immoral as to be detrimental to the child; or (3) the surviving parent is unfit mentally or otherwise to have custody. Pridgen, 493 So.2d at 954. We cannot say that the chancellor erred in finding that the Cockrells had not overcome the presumption. We consequently affirm the decision of the chancellor below.
¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF CHICKASAW COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ., CONCUR.