ISHEE, J.,
 

 for the Court.
 

 ¶ 1. This appeal arises from the Chancery Court of Clarke County’s grant of Richard Payne’s motion to dismiss. At a hearing on December 12, 2007, the chancery court entered an order dismissing and setting aside an earlier habeas corpus order granting visitation to Jackie Ray Pruitt, Sr. The earlier habeas corpus order granted custody of the three minor children, Tyler Payne, born June 18, 1999; Carrie Payne, born July 7, 2000; and Morgan Payne, born April 15, 2002; to their natural father, Richard. The habeas corpus order also recognized a visitation agreement between Richard and Jackie Ray, the children’s stepfather. The two parties agreed to a visitation arrangement allowing Jackie Ray visitation with the children. Jackie Ray later sought to enforce that visitation order, but at the hearing, the chancery court found that the order was temporary in nature and that as their stepfather, Jackie Ray had no right to custody. The chancery court granted Richard’s ore tenus motion to dismiss, and it is from this judgment that Jackie Ray now appeals. Jackie Ray alleges two points of error on appeal: (1) the chancery court committed error in granting the motion to dismiss without giving him reasonable notice that the dismissal was being contemplated, and (2) it was error to grant Richard’s motion to dismiss because the clean-hands doctrine prohibited Richard from benefitting from his failure to abide by the earlier visitation order.
 

 FACTS AND PROCEDURAL HISTORY
 

 112. On March 10, 2005, Richard was adjudicated to be the natural father of Tyler, Carrie, and Morgan. The children’s mother, Brandy Huffman Payne, was awarded temporary custody on May 25, 2006, and tragically died in an automobile accident on June 23, 2006. The three minor children were living with Brandy and her husband, Jackie Ray, at the time of her death. Tyler was also injured in the automobile crash and was hospitalized for almost a month after the accident.
 

 ¶ 3. Richard filed a petition for writ of habeas corpus on July 27, 2006, wherein he sought the return of his minor children,
 
 *809
 
 Carrie and Morgan,
 
 [1]
 
 from the custody of Jackie Ray. An agreed order was later entered on August 30, 2006, granting custody of the minor children to Richard and granting visitation to Jackie Ray until more permanent relief could be obtained. Richard abided by the visitation agreement for a period of time but later stopped complying. As a result, Jackie Ray sought to enforce the agreed visitation order on the writ of habeas corpus and filed a motion for contempt and a motion to enforce the order. Richard’s attorney made an appearance, but Richard himself failed to appear at the hearing, so the matter was continued in order for Richard’s attorney to locate him. At the hearing on December 12, 2007, Richard again failed to appear, but his attorney was present. At that hearing, the chancery court determined that the previous agreed order was temporary in nature and was only to be in effect until a more permanent custody arrangement could be ordered. The chancery court found that there was no adjudication that Richard was an unfit parent. Richard’s attorney made an ore tenus motion to dismiss the action, which the chancery court granted. The chancery court also set aside the earlier temporary order granting visitation to Jackie Ray, the stepfather, as there was no right of custody as against their natural father, Richard. At the time of the hearing, no permanent custody order was in place. At the hearing, it was also established that Jackie Ray was seeking a determination of whether Richard was a fit parent in a separate proceeding, Civil Action Number 06-162-M. Jackie Ray appeals the dismissal, while Richard failed to file a brief on appeal.
 

 STANDARD OF REVIEW
 

 ¶ 4. This Court will not disturb the chancellor’s findings of fact unless the findings are “manifestly wrong, clearly erroneous or an erroneous legal standard was applied.”
 
 Nichols v. Funderburk,
 
 883 So.2d 554, 556 (¶ 7) (Miss.2004). An appellate court will review questions of law under a de novo standard.
 
 Threlkeld v. Sisk,
 
 992 So.2d 1232, 1238 (¶ 14) (Miss.Ct.App.2008) (quoting
 
 Keener Props., L.L.C. v. Wilson,
 
 912 So.2d 954, 956 (¶ 3) (Miss.2005)).
 

 DISCUSSION
 

 I. Whether the chancery court properly dismissed and set aside the ha-beas corpus order.
 

 ¶ 5. Jackie Ray argues that the chancery court erred in dismissing the action when there was no pleading requesting dismissal, and he contends his due process rights were violated when the chancery court dismissed the action. Jackie Ray asserts that he did not have advance notice of the motion to dismiss and that it was improperly granted since he had no opportunity to offer evidence on the matter.
 

 ¶ 6. Richard filed no brief in response. When the appellee fails to file a brief, we have two options:
 

 The first alternative is to take the appel-lees’ failure to file a brief as a confession of error and reverse. This should be done when the record is complicated or of large volume and “the case has been thoroughly briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error.” The second alternative is to disregard the appellees’ error and affirm. This alternative should be used
 
 *810
 
 when the record can be conveniently examined and such examination reveals a “sound and unmistakable basis or ground upon which the judgment may be safely affirmed.”
 

 Miller v. Pannell,
 
 815 So.2d 1117, 1119 (¶ 20) (Miss.2002) (citations omitted). In the present case, we find that Jackie Ray has failed to make out an apparent case of error. Furthermore, the record is not of large volume, and an examination of the record yields a sound basis “upon which the judgment may be safely affirmed.”
 

 ¶ 7. Mississippi Code Annotated section 11-43-1 (Rev.2002) states that:
 

 The writ of habeas corpus shall extend to all cases of illegal confinement or detention by which any person is deprived of his liberty, or by which the rightful custody of any person is withheld from the person entitled thereto, except in the cases expressly excepted.
 

 This case was initiated by Richard, who properly filed a petition for writ of habeas corpus with the chancery court to obtain custody of his minor children from Jackie Ray.
 

 ¶8. The United States Supreme Court has acknowledged that “the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children.”
 
 Troxel v. Granville,
 
 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). There is a general presumption that a parent who is fit will act in the best interest of his or her child.
 
 Id.
 
 at 68, 120 S.Ct. 2054. A court must accord some special weight to a fit parent’s determination of a child’s best interests.
 
 Id.
 
 at 69, 120 S.Ct. 2054. “Parents with custody have a paramount right to control the environment, physical, social, and emotional [situations], to which their children are exposed.”
 
 Stacy v. Ross,
 
 798 So.2d 1275, 1280 (¶ 23) (Miss.2001).
 

 ¶ 9. Generally, a court will not grant visitation rights to grandparents or third parties over the objection of a fit custodial parent.
 
 Naveda v. Ahumada,
 
 381 So.2d 147, 149-50 (Miss.1980) (quoting 59 Am.Jur.2d
 
 Parent and Child
 
 § 45 (1971)). “Natural grandparents have no common-law ‘right’ of visitation with their grandchildren.”
 
 Settle v. Galloway,
 
 682 So.2d 1032, 1035 (Miss.1996) (citing
 
 In re Adoption of a Minor v. Smith,
 
 558 So.2d 854, 856 (Miss.1990)). “Such a right must come from a legislative enactment.”
 
 Id.
 
 Therefore, '“[b]y [enacting] statute [section 93-16-5], the [Legislature has extended third party visitation rights to grandparents when ‘such visitation rights would be in the best interest of the child.’ ”
 
 Scruggs v. Saterfiel,
 
 693 So.2d 924, 926 (Miss.1997) (quoting Mississippi Code Annotated section 93-16-5 (Rev.1994)). However, “natural grandparents do not have a right to visit their grandchildren that is as comprehensive to the rights of a parent.”
 
 Settle,
 
 682 So.2d at 1035. In
 
 Scruggs,
 
 a minor sibling, not a grandparent, sought to obtain visitation with her half-brother after their mother died and she and her brother were sent to live with different relatives.
 
 Scruggs,
 
 693 So.2d at 925. The
 
 Scruggs
 
 court acknowledged “that some jurisdictions, in the absence of any statutory imperative, have made provision^] for sibling visitation when the children’s best interests so dictate.”
 
 Id.
 
 at 926. However,
 
 Scruggs
 
 declined to extend visitation rights to half-siblings and instead “invitefd] the [Legislature to consider the matter and to expand the rights set forth in [Mississippi Code Annotated section] 93-16-5 to siblings or other third parties as it sees fit.”
 
 Id.
 

 ¶ 10. Further, “in Mississippi, a finding of unfitness is necessary to
 
 *811
 
 award custody to a third party over a natural parent.”
 
 In re Guardianship of Brown v. Wiley,
 
 902 So.2d 604, 609 (¶ 14) (Miss.Ct.App.2004). This Court has long recognized that:
 

 There is a presumption in Mississippi that the best interests of a child will best be preserved by remaining with his [or her] surviving parent unless the third party seeking custody makes a clear showing of one of the following: (1) the surviving parent abandoned the child; (2) the conduct of the surviving parent is so immoral as to be detrimental to the child; or (3) the surviving parent is unfit mentally or otherwise to have custody.
 

 Cockrell v. Watkins,
 
 936 So.2d 970, 972 (¶ 7) (Miss.Ct.App.2006) (citing
 
 Rutland v. Pridgen,
 
 493 So.2d 952, 954 (Miss.1986)). A “chancellor may grant custody of a stepchild to a stepparent when the chancellor finds the natural parents to be unfit.”
 
 Logan v. Logan,
 
 730 So.2d 1124, 1127 (¶ 12) (Miss.1998) (citing
 
 Sellers v. Sellers,
 
 638 So.2d 481, 485 (Miss.1994)).
 

 ¶ 11. In the case at bar, Jackie Ray is seeking visitation with his stepchildren. However, as the chancery court noted, Jackie Ray has no right to visitation with his stepchildren under the laws of the State of Mississippi. In order for Jackie Ray to obtain custody of his stepchildren, he must demonstrate to the court that them biological father is unfit. As noted by Jackie Ray at the second hearing, there is a separate proceeding, Civil Action Number'06-162-M, in which he is seeking a determination of whether Richard is an unfit parent. Jackie Ray’s proper relief is contained in that separate proceeding. Therefore, Jackie Ray must show that Richard is an unfit parent in order to gain custody or visitation with his stepchildren. While the Legislature has chosen to extend visitation rights to grandparents by statute, they have declined to extend that same right to stepparents. Therefore, we find that the chancellor was correct to grant the motion to dismiss since Jackie Ray had no visitation rights under the laws of the State of Mississippi. This issue is without merit.
 

 II. Whether the trial court properly granted Richard’s motion to dismiss in light of the unclean-hands doctrine.
 

 ¶ 12. Jackie Ray further asserts that Richard’s failure to abide by the earlier order granting visitation to Jackie Ray leaves Richard before a court of equity with unclean hands. Therefore, Jackie Ray contends that the doctrine of unclean hands prevents Richard from receiving equity from the court. Jackie Ray argues that the court erred in granting Richard relief by dismissing the earlier habeas corpus order because Richard failed to recognize and follow the very same visitation order. Therefore, Richard should not be allowed to benefit from his willful misconduct. Richard did not file a brief in response.
 

 ¶ 13. “The doctrine of unclean hands provides that ‘he who comes into equity must come with clean hands.’ ”
 
 In re Estate of Richardson v. Cornes,
 
 903 So.2d 51, 55 (¶ 15) (Miss.2005) (quoting
 
 Thigpen v. Kennedy,
 
 238 So.2d 744, 746 (Miss.1970)). The Mississippi Supreme Court “further expounded upon the meaning of unclean hands, stating: ‘the meaning of this maxim is to declare that no person
 
 as a complaining party
 
 can have the aid of a court of equity when his conduct with respect to the transaction in question has been characterized by wilful inequity....’”
 
 Id.
 
 (quoting
 
 O’Neill v. O’Neill,
 
 551 So.2d 228, 233 (Miss.1989)) (emphasis added). In sum, “whenever a party seeks to employ the judicial machinery in order to obtain some remedy and that party has violated good faith or some
 
 *812
 
 other equitable principle, ‘the doors of the court will be shut against him’ and ‘the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy.’ ”
 
 R.K. v. J.K.,
 
 946 So.2d 764, 774
 
 (¶
 
 24) (Miss.2007) (quoting
 
 Shelton v. Shelton,
 
 477 So.2d 1357, 1359 (Miss.1985)).
 

 ¶ 14. The doctrine of unclean hands prevents one, who comes into court with unclean hands, from asserting claims and affirmative defenses. In the case at bar, Richard was not seeking to enforce any right of custody or visitation. Richard did initially seek help from the chancery court by filing the original habeas corpus proceeding to have his minor children returned to him. Once Richard’s children were returned to him, he did not seek further aid from the court. It was Jackie Ray who filed a motion to enforce the previously agreed upon temporary visitation arrangement. As the chancery court noted in its ruling, the habeas corpus proceeding merely adjudicated the right to custody as between the parties before the court at that time. The chancery court determined that the visitation arrangement was an arranged agreement between the parties that was designed to be temporary in nature. The chancery court further determined that Jackie Ray, as a stepfather, had no right to visitation under the laws of the State of Mississippi. Therefore, the chancery court correctly dismissed and set aside the earlier habeas corpus order at the hearing, despite Richard’s failure to comply with the temporary visitation order. Since Jackie Ray could not ultimately obtain the relief he was seeking from the court and since Richard was not seeking any relief or remedy himself, the chancery court properly dismissed the matter. This issue is without merit.
 

 ¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF CLARKE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT.
 

 [1]
 

 . The petition only requested the return of the minor children Carrie and Morgan. It is unclear what action was taken by Richard to obtain the return of the third minor child, Tyler, to his custody.