KITCHENS, Justice,
for the Court:
¶ 1. A.B. appeals an order of the chancery court committing him to the East Mississippi State Hospital for involuntary treatment for substance abuse. The order was the result of a petition for commitment filed by his brother, Y.Z. We affirm, finding that once A.B. had admitted the allegations of his brother’s petition, he had waived his right to a hearing, and the petition, after that point,- could not be dismissed upon agreement of the parties.
*738 Facts and Procedural History
¶ 2. On June 26, 2009, A.B.’s brother, Y.Z., filed a “Petition and Affidavit for Detention, Care and Treatment of Alcohol and Drug Addiction” in the Chancery Court of Perry County. In his petition, Y.Z. asked that the chancery court commit A.B. for treatment, alleging that A.B.’s addiction to alcohol, illegal narcotics, and prescription medications had rendered A.B. unfit to look after his affairs and had caused A.B. to become a danger to himself and to others. See Miss.Code Ann. § 41-31-3 (Rev.2009) (outlining requirements of petition for involuntary commitment of an alcoholic or drug addict). Because A.B. is an attorney who practices law in the Perry County Chancery Court, all the chancellors in that district recused themselves. This Court specially appointed Chancellor Joe Dale Walker to preside over the matter.
¶ 3. On July 20, 2009, A.B., Y.Z., and Y.Z.’s attorney signed an agreed order whereby A.B. agreed to submit to an evaluation at COPAC, the “Conducive Out>Patient Addiction Center.” See In re Reinstatement of Baldwin, 890 So.2d 56, 57 n. 1 (Miss.2003). A.B. agreed to submit to an evaluation within forty-five days of signing the order, and Y.Z. was to pay for A.B.’s evaluation and treatment. A.B. also agreed that he would not operate a motor vehicle after consuming alcoholic beverages. This agreed order is not a part of the record before us, but the chancellor referred to it repeatedly during the hearings, and there appears to be no dispute concerning its contents.
¶ 4. When A.B. did not submit to an evaluation within forty-five days, and after he had been charged with at least one driving under the influence (DUI) offense in the interim, Y.Z. filed a motion for contempt.[1] A hearing was held on September 11, 2009, and at the conclusion of that hearing, the chancellor found that A.B. had violated the July 20, 2009, agreed order, and he ordered A.B. to be taken into custody and transported to COPAC. The chancellor also ordered that a detailed report of A.B.’s evaluation at COPAC be forwarded to the court so that the court might order further treatment if necessary.
¶ 5. A.B. made several arguments during the September 11 hearing as to why the proceedings should be dismissed or continued. For example, A.B. argued that he had been too busy with his law practice to go for an evaluation, that he needed additional time to secure an attorney, and that the allegations in the petition were essentially untrue. The chancellor rejected all of A.B.’s arguments, concluding that the court could not undo the agreed order without good cause.
¶ 6. While A.B. was being transported to COPAC, he dictated an Emergency Petition for Stay of the Order, which was immediately filed with this Court. Emergency relief was denied in a single-justice order, but the order reserved a final ruling on the stay. The petition later was dismissed by a panel of this Court, because it had not been served on the respondent or the trial court.
¶ 7. On September 28, 2009, another hearing was held. The chancellor noted that he had received a fourteen-page report from COPAC indicating that A.B. was addicted to alcohol and drugs and was suffering of bipolar disorder. The COPAC report recommended that A.B. undergo intensive inpatient treatment and that he *739 participate in the Mississippi Lawyers and Judges Assistance Program (LJAP).[2]
¶ 8. A.B., who was represented by counsel, attempted to have the proceedings dismissed via a joint stipulation of dismissal, signed by both A.B. and Y.Z. and prepared by Y.Z.’s attorney. The chancellor refused to dismiss the action, reasoning that the stipulation could not undo the court’s September 11 order or the COPAC evaluation. The chancellor found that, based on the COPAC report, and the fact that he had received “several” DUIs, A.B. was in need of treatment. The chancellor ordered that A.B. be committed to the East Mississippi State Hospital for ninety days and that A.B. complete a program as directed by LJAP. In his written order, the chancellor stated that “the allegations of the Petition are true as admitted by the Respondent in his Answer and Waiver and said Answer and Waiver is made a part of this record, and that this finding is by clear and convincing evidence.” The Answer and Waiver is not a part of the appellate record, and A.B. does not mention it in his brief.
¶ 9. A.B. timely appealed the order of commitment. Shortly thereafter, Y.Z.’s attorney withdrew from the case. Y.Z. did not file a brief in this matter, although he did write a letter to this Court’s clerk advising that he wanted to “drop” the case.
Issues
¶ 10. A.B. raises two issues on appeal: (1) whether the trial court erred by refusing to dismiss the case based on the stipulation of dismissal; and (2) whether the trial court erred by committing A.B. for treatment without a full hearing.
Standard of Review
¶ 11. This Court applies a limited standard of review to a chancellor’s findings of fact. Miller v. Pannell, 815 So.2d 1117, 1117 (Miss.2002). “The chancellor’s findings will not be disturbed upon review unless the chancellor was manifestly wrong, clearly erroneous or applied an incorrect legal standard.” Id. (quoting Reddell v. Reddell, 696 So.2d 287, 288 (Miss.1997)). Questions of law are reviewed de novo. Biglane v. Under The Hill Corp., 949 So.2d 9, 14 (Miss.2007) (citing Cummings v. Benderman, 681 So.2d 97, 100 (Miss.1996)).

I. Once A.B. had admitted the allegations of his brother’s petition for involuntary commitment, the parties could not stipulate to a dismissal.

¶ 12. A.B. argues that the chancellor was required to dismiss the case pursuant to Mississippi Rule of Civil Procedure 41(a)(l)(ii):
Subject to the provisions of Rule 66, or of any statute of the State of Mississippi, and upon the payment of all costs, an action may be dismissed by the plaintiff without order of court ... by filing a stipulation of dismissal signed by all parties who have appeared in the action.
A.B. cites the comment to the rule, which provides, “[a] voluntary dismissal by stipulation is effective immediately and does not require judicial approval.” M.R.C.P. 41 cmt.
¶ 13. However, Rule 81(a)(6) provides that the Rules of Civil Procedure have only limited applicability to “proceedings pertaining to the adjudication, commitment, and release of narcotic and alcohol addicts and persons in need of mental treatment.” Moreover, Rule 41(a)(l)(ii) clearly provides that a voluntary dismissal is “subject to ... any statute of the State of Mississippi.” Thus, Mississippi Code Section 41-31-5 (Rev.2009), which governs involuntary commitment of alcoholics and drug addicts, is controlling.
*740 ¶ 14. Section 41-31-5 states, in pertinent part,
If the 'alleged alcoholic or drug addict shall admit the truth and correctness of the allegations of said petition ... then [the chancellor] shall enter an order so finding, and shall order that such person be remanded and committed to and confined in the proper institution or in the case of an alcoholic to an approved public or private treatment facility....
(Emphasis added.) Thus, this section imposes on the chancellor a mandatory duty to order the commitment of the respondent if the respondent admits that the allegations in the petition are true.
¶ 15. While we are not provided a copy of the Answer and Waiver signed by A.B., the chancellor found that A.B. had admitted the allegations of his brother’s petition in this pleading, and that “this finding is by clear and convincing evidence.” A.B. fails to mention the Answer and Waiver in his brief, and never addresses the chancellor’s finding that he had admitted the allegations in his brother’s petition. As the appellant, A.B. has the burden of demonstrating that the chancellor erred. Because he does not provide any evidence to the contrary, or even allege that he never made the admission, we must accept the finding of the chancellor that A.B. had admitted the allegations contained in his brother’s petition. Once A.B. admitted the allegations, the chancellor was duty bound by the statute to commit him for treatment, precluding a dismissal of the matter by stipulation under Mississippi Rule of Civil Procedure 41(a)(l)(ii).

II. A.B. waived his right to a hearing by admitting the allegations in the petition for involuntary commitment.

¶ 16. In the alternative, A.B. argues that the chancellor erred in committing him without a hearing. A.B. cites the portion of Mississippi Code Section 41-31-5 which provides that “[a]t the time fixed, the chancellor shall hear evidence on said petition ... and all persons interested shall have the right to appear and present evidence touching upon the truth and correctness of the allegations of said petition.” However, as noted above, the statute also provides that, once A.B. had admitted the contents of the petition, the chancellor was required ■ to order his commitment for treatment. Miss.Code Ann. § 41-31-5 (Rev.2009). Therefore, when he admitted the facts of the petition, A.B. thereby waived any and all right to contest the petition, and thus, this issue likewise is without merit.
Conclusion
¶ 17. Once A.B. had admitted that the contents of his brother’s petition were true, he was bound by that admission, and the chancellor did not err in committing him for treatment. We therefore affirm the order committing A.B. for involuntary treatment.
¶ 18. AFFIRMED. ‘
WALLER, C.J., CARLSON, P.J., AND CHANDLER, J., CONCUR. LAMAR, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J. RANDOLPH, PIERCE AND KING, JJ„ NOT PARTICIPATING.

. The record suggests that A.B. may have been charged with two DUIs after signing the order.

. Henry Glaze, Jr., from LJAP was present at this hearing.