RUSSELL, J.,
for the Court:
¶ 1. Joseph F. Tatum III appeals the judgment of the Lamar County Chancery Court. Joseph argues that the chancery court erred in: (1) awarding relief beyond that specifically ordered pursuant to this Court’s prior mandate; (2) awarding attorney’s fees; (3) awarding attorney’s fees incurred on appeal; and (4) awarding any further relief when Lauren D. Tatum came to the court with unclean hands. Finding that the chancery court erred by exceeding the scope of this Court’s mandate by awarding interest, we reverse and render the chancery court’s award of interest. With respect to attorney’s fees, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On March 20, 2008, the chancery court granted a divorce in favor of Lauren against Joseph on the ground of adultery. On October 1, 2008, in a judgment regarding child custody, visitation, distribution of property and support, the chancery court awarded Lauren $15,500 in attorney’s fees *1143 in addition to the $4,500 already paid to her attorney. After the chancery court denied both Joseph’s and Lauren’s post-trial motions, Joseph filed a notice of appeal on November 12, 2008. He asserted that the chancellor failed to properly consider the McKee[1] factors and applicable law governing the award of attorney’s fees. On July 20, 2010, this Court rendered an opinion reversing and remanding in part for a determination of the amount of attorney’s fees to be awarded using the factors outlined in McKee. Further, on March 17, 2011, this Court issued a mandate to the chancery court. On April 19, 2011, Lauren filed a motion in the chancery court to determine attorney’s fees and interest. After a hearing on the attorney’s fees, on June 15, 2011, the chancery court awarded Lauren attorney’s fees totaling $26,237.50[2] as well as interest on the amount awarded to her in the divorce judgment. On December 2, 2011, Joseph filed notice of this appeal.
DISCUSSION
¶ 3. “This Court applies a limited standard of review to a chancellor’s findings of fact.” A.B. v. Y.Z., 60 So.3d 737, 739 (¶ 11) (Miss.2011) (citing Miller v. Pannell, 815 So.2d 1117, 1119 (¶ 9) (Miss.2002)). “The chancellor’s findings will not be disturbed upon review unless the chancellor was manifestly wrong, [was] clearly erroneous[,] or applied an incorrect legal standard.” Id. However, questions of law are reviewed de novo. Estate of Davis v. O’Neill, 42 So.3d 520, 524 (¶ 15) (Miss.2010) (citing Corporate Mgmt., Inc. v. Greene Cnty., 23 So.3d 454, 459 (¶ 11) (Miss.2009)).
I. Whether the chancery court erred in awarding relief beyond that specifically ordered pursuant to the mandate of this Court.
¶4. Joseph argues that the chancery court erred in awarding relief beyond that specifically ordered pursuant to the mandate of this Court. Specifically, Joseph argues that the chancery court erred in awarding Lauren post-judgment interest when the mandate of this Court provided no instructions for interest on the judgment. We agree.
¶ 5. Mississippi Rule of Appellate Procedure 37 states:
Unless otherwise provided by law, if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date [the] judgment was entered in the court or commission below. If a judgment is modified or reversed with [the] direction that a judgment for money be entered in the court below, the mandate shall contain instructions with respect to the allowance of interest.
(Emphasis added).
¶ 6. In Freeman v. Public Employees’ Retirement System, 822 So.2d 274, 276 (¶ 2) (Miss.2002) (Freeman I), the circuit court affirmed the decision of the Public Employees’ Retirement System (PERS) Board of Trustees to discontinue Freeman’s disability benefits. On appeal, our supreme court held: “[T]he judgments of the circuit court and PERS are reversed, and this case is remanded to the circuit court with instructions to remand to PERS *1144 for reinstatement of Freeman’s disability-status and his benefits, with back pay from the date of the termination of those benefits.” Id. at 283 (¶ 30). Subsequently, our supreme court issued a mandate providing: “You are commanded[ ] that execution and further proceedings as may be appropriate be forthwith ... had consistent with this judgment and the Constitution and Law of the State of Mississippi.” Pub. Employees’ Ret. Sys. v. Freeman, 868 So.2d 327, 328 (¶ 1) (Miss.2004) (Freeman II). On remand, the circuit court ordered reinstatement of Freeman’s disability status with benefits and back pay and payment of interest on unpaid benefits. Id. at (¶ 2). PERS appealed, and our supreme court held that its mandate did not address interest. Id. at 330 (¶ 11). Rather, the mandate “simply ordered reinstatement of Freeman’s disability status and his benefits with back pay only.” Id. Therefore, our supreme court held that the circuit court exceeded the scope of the mandate. Id. at 331 (¶ 11).
¶ 7. Because the mandate in this case did not contain instructions with respect to the allowance of interest, the chancery court did not have authority to grant post-judgment interest on its own initiative. For this reason, we find that the chancery court exceeded the scope of our mandate with respect to the award of post-judgment interest. Therefore, we reverse and render the award of post-judgment interest on this issue.
II. Whether the chancery court erred in awarding attorney’s fees.
¶ 8. Joseph argues that the chancery court erred in awarding attorney’s fees, because Lauren failed to present evidence under the McKee factors to support an award of attorney’s fees. Specifically, Joseph argues that Lauren failed to show her inability to pay her own attorney’s fees, and her assets enabled her to pay her own fees. We disagree.
¶ 9. “The matter of awarding attorney’s fees is largely entrusted to the sound discretion of the chancellor.” Rhodes v. Rhodes, 52 So.3d 430, 449 (¶ 77) (Miss.Ct.App.2011) (citing McKee v. McKee, 418 So.2d 764, 767 (Miss.1982)). “ ‘We are reluctant to disturb a chancellor’s discretionary determination whether or not to award attorney’s fees[.]’” Id. (quoting Smith v. Smith, 614 So.2d 394, 398 (Miss.1993)). In McKee, the Mississippi Supreme Court set forth certain factors to be weighed in awarding attorney’s fees. “In determining an appropriate amount of attorney[’]s fees, a sum sufficient to secure one competent attorney is the criterion by which we are directed.” McKee, 418 So.2d at 767 (citing Rees v. Rees, 188 Miss. 256, 194 So. 750, 751 (1940)).
The fee depends on consideration of, in addition to the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.
Id. “An award of attorney’s fees is appropriate in a divorce case where the requesting party establishes an inability to pay.” Gray v. Gray, 745 So.2d 234, 239 (¶26) (Miss.1999) (citing Robison v. Robison, 722 So.2d 601, 605 (¶ 14) (Miss.1998)). “ ‘[W]here the record shows an inability to pay and a disparity in the relative financial positions of the parties, there is no error in awarding attorney’s fees.’ ” Wells v. Wells, 800 So.2d 1239, 1246 (¶ 15) (Miss.Ct. *1145 App.2001) (quoting Bates v. Bates, 755 So.2d 478, 482 (¶ 11) (Miss.Ct.App.1999)).
¶ 10. With respect to Lauren’s inability to pay, the chancellor found:
The inability of the party requesting fees to pay: Both parties acknowledged that Lauren had been a stay-at-home mother for several years, and therefore had very limited skills in the marketplace. She had devoted her time in the marriage to raising the couple’s two children!.] As a result, [Lauren was awarded] rehabilitative alimony to allow her to improve her marketable skills and generate income for herself and for the benefit of the children. However, due to the constant appeals and continuous attempts to deny Lauren an equitable distribution of the marital estate, the [c]ourt finds that she has been unable to pay her attorney’s fees. The [c]ourt ... is much aware of the disparity of the earning capacity of the parties and the unknown or unrealized deferred assets that favor Joseph.
¶ 11. Based on the evidence in the record from the first trial as well as the billing statement submitted to the chancery court by Lauren, we find that the chancellor’s determination was based on sufficient evidence and was not an abuse of discretion. For this reason, we find this issue to be without merit.
III. Whether the chancery court erred in awarding attorney’s fees incurred on appeal.
¶ 12. Joseph argues that the chancery court erred in awarding attorney’s fees incurred on appeal. He argues that the chancery court wrongfully awarded these fees on its own initiative and that none were awarded by this Court on appeal. We disagree.
¶ 13. In the opinion handed down by this Court, we assessed all costs of the appeal to Joseph. Therefore, this Court did award attorney’s fees incurred on appeal. The chancery court merely determined the exact amount of attorney’s fees. This issue is without merit.
IV. Whether the chancery court erred in awarding relief when Lauren came to the court with unclean hands.
¶ 14. Joseph argues that Lauren came to the chancery court with unclean hands when she had failed to comply with the terms of this Court’s prior judgment and did not provide a valid reason for not doing so. Specifically, Lauren failed to execute quitclaim deeds to properties awarded to Joseph. Therefore, Joseph argues that Lauren should have been barred from seeking any further relief.
¶ 15. This Court has explained the doctrine of unclean hands as follows:
The principle of “unclean hands” dictates that he who comes into [a court of] equity must come with clean hands.... The meaning of this maxim is to declare that no person as a complaining party can have the aid of a court of equity when his conduct with respect to the transaction in question has been characterized by wilful inequity.
Chapman v. Ward, 3 So.3d 790, 799 (¶ 29) (Miss.Ct.App.2008) (emphasis added) (quoting Lane v. Lane, 850 So.2d 122, 126 (¶ 11) (Miss.Ct.App.2002)).
[W]henever a party seeks to employ the judicial machinery in order to obtain some remedy[,] and that party has violated good faith or some other equitable principle, “the doors of the court will be shut against him[,]” and “the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy.”
*1146 Pruitt v. Payne, 14 So.3d 806, 811-12 (¶ 13) (Miss.Ct.App.2009) (quoting R.K. v. J.K., 946 So.2d 764, 774 (¶ 24) (Miss.2007)).
¶ 16. In Pruitt, “[the appellee] initially [sought] help from the chancery court by filing the original habeas corpus proceeding to have his minor children returned to him.” Id. at 812 (¶ 14). However, once his children were returned, “[the appellee] did not seek further aid from the court.” Id. For this reason, this Court found that the appellee was not a complaining party for purposes of the unclean-hands doctrine. Id.
¶ 17. Similarly, Lauren initially filed the complaint for divorce; however, she was no longer the complaining party at the time relief was granted to her. Rather, Lauren was returning to the chancery court pursuant to this Court’s mandate. However, unlike Pruitt, Lauren did seek further aid from the court. After this Court’s mandate but before appearing in chancery court, Lauren filed a motion to determine attorney’s fees and interest on the judgment, which is a request for relief.
¶ 18. Although Lauren may have returned to the court with unclean hands, we need not decide this issue. We find that Lauren returned to the court with respect to attorney’s fees pursuant to this Court’s mandate. Additionally, we have already determined that the chancery court erred in awarding the relief requested by Lauren because the mandate of this Court did not provide instructions for interest on the judgment. Therefore, this issue is moot.
CONCLUSION
¶ 19. Because the chancery court erred by exceeding the scope of this Court’s mandate by awarding interest, we reverse and render the chancery court’s judgment as to the award of interest. With respect to attorney’s fees, we affirm the decision of the chancery court.
¶ 20. THE JUDGMENT OF THE LAMAR COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND THE APPEL-LEE.
LEE, C.J., GRIFFIS, P.J., ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., AND BARNES, J., CONCUR IN PART AND DISSENT IN PART WITHOUT SEPARATE WRITTEN OPINION. FAIR, J., NOT PARTICIPATING.

. McKee v. McKee, 418 So.2d 764 (Miss.1982).

. The chancery court noted that it generally awards attorney’s fees on appeal in the amount of one-half of what was awarded in the lower court. In this case, one-half of the lower court's sum equals $10,000, for a total of $30,000 in attorney’s fees. The chancery court then subtracted the $4,500 credit and added $737.50 for expenses incurred by Lauren. This comes to $26,237.50.